■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered November 13, 1986, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 7, 1987, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, and viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was in constructive possession of the controlled substances found in open view on a table next to the defendant in an apartment of which he was the sole occupant *(see, People v Hamilton,* 56 NY2d 632). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]; *People v Dawkins,* 136 AD2d 726). The defendant's assertion that he had no knowledge of the existence of these items is less than persuasive. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.