■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR VERNON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 4, 1987, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his participation in the sales beyond a reasonable doubt was not preserved for appellate review since it was not raised with specificity in the trial court (see, People v Bynum, 70 NY2d 858, affg 125 AD2d 207; People v Bailey, 146 AD2d 788). In any event, we find that the evidence, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that the People should have been precluded from showing the jury a videotape of the drug transactions due to their failure to comply with a prior order of the court which had directed the prosecutor to provide the defendant with a copy of the tape. We note that the defendant did not move to compel such discovery or to preclude the admission of the tape nor did he object to its admission into evidence. Having failed to alert the trial court to the People's alleged failure to comply with its order, the defendant may not raise the issue for the first time on appeal (CPL 470.05 [2]; People v Thomas, 50 NY2d 467). In any event, the defendant did not demonstrate that he was prejudiced by the failure of the People to provide him with a copy of the complete tape (see, People v Rosario, 124 AD2d 683). He had been shown the

full videotape before the trial and had been sent a copy of a portion of it.

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.