■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY BURTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered August 21, 1987, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a

vehicle in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to demonstrate that the stolen vehicle which he possessed had a value in excess of $3,000 has not been preserved for appellate review, as this claim was not advanced before the trial court *(see, e.g., People v Bynum,* 70 NY2d 858; *People v Gomez,* 67 NY2d 843; *People v Cardona,* 136 AD2d 556). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence of value, consisting of expert testimony which took into account the reduction in value occasioned by the most serious damage to the automobile, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see generally, People v Callaway,* 133 AD2d 838; *People v Supino,* 64 AD2d 720). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's challenge to the sentence imposed is unpersuasive. A fair reading of the sentencing minutes in their entirety demonstrates that the court properly weighed the relevant factors, including the defendant's extensive criminal background and his failure to reform despite the prior imposition of favorable sentences, in determining the appropriate sentence in this case *(see, People v Reid,* 140 AD2d 639). We discern no basis for disturbing the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.