■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY HODGES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered December 15, 1987, convicting him of robbery in the first degree, grand larceny in the fourth degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove beyond a reasonable doubt that the larceny involved a taking "from the person of another" so as to constitute grand larceny in the fourth degree (see, Penal Law § 155.30 [5]), was not preserved for appellate review since it was not raised with specificity in the trial court (see, People v Bynum, 70 NY2d 858; People v Vernon, 150 AD2d 407). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We find no merit to the defendant's contention that the court should have charged robbery in the second degree as a lesser included offense of robbery in the first degree on the theory that there was circumstantial evidence from which the jury could find that the gun used by the defendant during the robbery was inoperable. Inoperability of the gun used is an affirmative defense to robbery in the first degree (Penal Law § 160.15 [4]) and the defendant failed to present any evidence that the weapon was inoperative so as to warrant the lesser charge (see, Penal Law § 25.00 [2]; People v Baskerville, 60

NY2d 374; *People v Cotarelo,* 129 AD2d 725, 726, *affd* 71 NY2d 941; *People v Ames,* 115 AD2d 543).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.