■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIE WHITEHEAD and DONNY SMALLWOOD, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Lipp, J.), both rendered December 16, 1988, convicting them of unlawfully dealing with fireworks, upon jury verdicts, and imposing sentences.

Ordered that the judgment as against the defendant Donny Smallwood is modified, on the law, by vacating the sentence; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith; and it is further,

Ordered that the judgment as against the defendant Artie Whitehead is affirmed.

The defendants were indicted on several counts of criminal possession of a weapon in the third and fourth degrees and one count of unlawfully dealing with fireworks. Specifically, the 9th and 12th counts of the indictment stated that the defendant named therein was accused "of unlawfully dealing with fireworks committed as follows: [t]he defendant * * * knowingly and unlawfully possessed, used, exploded and caused to explode fireworks" (see, Penal Law § 270.00 [2] [b] [i]). After trial, the defendants were acquitted of all counts relating to the criminal possession of weapons, but each was convicted of unlawfully dealing with fireworks.

By failing to raise the issue at trial, the defendants' contention that the People failed to prove beyond a reasonable doubt that they possessed the fireworks has not been preserved for appellate review as a matter of law (see, People v Colavito, 70 NY2d 996; People v Bynum, 70 NY2d 858; People v Burton, 150 AD2d 788, 789; People v Vernon, 150 AD2d 407). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish each defendant's guilt beyond a reasonable doubt. The jury could reasonably infer from the evidence that the defendant Donny Smallwood, the manager of the grocery store in which the fireworks were found, exercised sufficient dominion and control to be deemed in constructive possession of the fireworks (see, People v Watson, 56 NY2d 632), and that the defendant Artie Whitehead, an employee found in the grocery store, was also in constructive possession of the fireworks that were situated next to or near her in a Plexiglas-enclosed area to which no customers had access (see, People v Smith, 147 AD2d 665; cf., People v Santiago, 45 AD2d 1041).

We agree, however, with the defendants' contentions that their convictions for unlawfully dealing with fireworks as charged in the indictment constituted violations (see, Penal Law § 270.00 [2] [b] [i]). In light of the sentencing court's misapprehension that the fireworks convictions constituted class B misdemeanors, the matter is remitted for resentencing as to the defendant Smallwood, whose sentence of 90 days' incarceration has been stayed pending this appeal. However, since the defendant Whitehead's one-year probationary term has expired, her claim that she was improperly sentenced has been rendered academic.

The defendants' remaining contention is unpreserved for

appellate review as a matter of law *(see,* CPL 470.05 [2]) and, in any event, it is without merit. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.