■ The People of the State of New York, Respondent, v Wilbert Harris, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered December 2, 1988, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree (seven counts), and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal possession of stolen property in the third degree to criminal possession of stolen property in the fourth degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

As the People concede, the evidence was insufficient to establish that the stolen automobile had a value in excess of $3,000, which is required to support a conviction of criminal possession of stolen property in the third degree (see, Penal Law § 165.50). However, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620; People v Burton, 150 AD2d 788), we find that it was legally sufficient to establish the defendant's guilt of criminal

possession of stolen property in the fourth degree. The evidence establishes that the automobile had a value in excess of $1,000. Accordingly, the defendant's conviction of criminal possession of stolen property in the third degree should be reduced to one of criminal possession of stolen property in the fourth degree (see, Penal Law § 165.45; People v Cromwell, 150 AD2d 715; People v Funchess, 137 AD2d 831; People v Gaines, 136 AD2d 731, 734).

Since the defendant failed to object at trial to the introduction of evidence which allegedly referred to uncharged crimes, the issue has not been preserved for appellate review (see, CPL 470.05 [2]). In any event, the errors, if any, were harmless (see, People v Crimmins, 36 NY2d 230, 241-242).

The defendant's contentions concerning allegedly improper remarks made during the prosecutor's summation are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit.

We further find that defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.