In the Matter of DEON L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (De Maro, J.), entered November 7, 1988, which, upon a fact-finding order of the same court, dated September 27, 1988, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of petit larceny, criminal possession of stolen property in the fifth degree, and unauthorized use of a motor vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated September 27, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We find no merit to the appellant's claim, raised for the first

time on appeal, that the Family Court lacked subject matter jurisdiction of the proceeding because the presentment agency failed to present evidence that he was less than 16 years of age when he committed the acts alleged in the petition *(see, Matter of Anthony J.,* 143 AD2d 668).

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792, 793), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of petit larceny *(see,* Penal Law § 155.25), criminal possession of stolen property in the fifth degree *(see,* Penal Law § 165.40), and unauthorized use of a motor vehicle in the third degree *(see,* Penal Law § 165.05 [1]). The accomplice testimony herein was sufficiently corroborated by independent evidence tending to connect the appellant with the commission of the crimes *(see, People v Hudson,* 51 NY2d 233; *People v Daniels,* 37 NY2d 624). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.