■ In the Matter of SHURON W., a Person Alleged to be Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Nason, J.), dated November 13, 1990, which, upon a fact-finding order of the same court dated August 28, 1990, made after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated August 28, 1990.

Ordered that the order is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792; *Matter of Deon L.,* 173 AD2d 469; *Matter of Anthony M.,* 142 AD2d 731), we find it was legally sufficient to establish that the appellant was in constructive possession of the controlled substances found by the police in a bag, in open view, on a couch next to him. Other than the police, the appellant was the only person present in the apartment. Under the circumstances, the court could properly find that the bag in which the cocaine was found was within the appellant's dominion and control *(see,* Penal Law § 10:00 [8]; *People v Smith,* 147 AD2d 665; *People v Dawkins,* 136 AD2d 726, 727). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.