In the Matter of ETHAN S., Respondent. ONONDAGA COUNTY ATTORNEY, Appellant. [816 NYS2d 248]—

Appeal from an order of the Family Court, Onondaga County (Bryan Hedges, J., for Martha Walsh Hood, J.), entered December 8, 2005 in a proceeding pursuant to Family Court Act article 3. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order dismissing the petition alleging that respondent is a juvenile delinquent, petitioner contends that the allegation of delinquency is sufficiently supported by the nonhearsay statements of the corespondents and thus that the petition is facially sufficient. We reject that contention. Family Court Act § 311.2 (3) provides that a juvenile delinquency petition is facially sufficient when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." The juvenile delinquency petition "is the sole instrument for the commencement, prosecution and adjudication of the juvenile delin-

quency proceeding and, therefore, must comport with the statutory jurisdictional requisites of the Family Court Act" (*Matter of Neftali D.*, 85 NY2d 631, 635 [1995]). Courts "have applied a stringent test when construing challenges to the facial sufficiency of a juvenile delinquency petition to assure that there is a valid and documented basis for subjecting the juvenile to prosecution" (*id.* at 636).

Family Court Act § 343.2 requires corroboration of accomplice testimony in juvenile delinquency proceedings, just as CPL 60.22 requires corroboration of accomplice testimony in criminal proceedings. The accomplice corroboration requirement also applies to grand jury proceedings (*see* CPL 190.65 [1] [a]; *People v Cilento*, 2 NY2d 55, 62-63 [1956]; *People v Danzy*, 104 AD2d 949, 952 [1984]). Although there is no statutory equivalent of CPL 190.65 (1) (a) for juvenile delinquency petitions, it has been held that "the requisite corroboration of [accomplice testimony] must be alleged in a Family Court delinquency petition or the supporting depositions since these documents represent the only formal statement of charges against a respondent and should be based on competent legal evidence sufficient to establish, if believed, that the respondent committed the acts charged" (*Matter of Rodney J.*, 108 AD2d 307, 313 [1985]; *see also Matter of Daniel McC.*, 250 AD2d 615 [1998], *lv denied* 92 NY2d 807 [1998]; *Matter of Deon L.*, 173 AD2d 469, 470 [1991]; *see generally Matter of Angel A.*, 92 NY2d 430, 433-434 [1998]). Because the statements of the corespondents, i.e., respondent's accomplices, were not corroborated, the petition was properly dismissed as facially insufficient. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.