■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. LAWS, Appellant.—Appeal from a judgment of the County Court of Madison County, rendered October 16, 1975, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment with a maximum of life and a minimum of one year. In December of 1974, the Grand Jury of Madison County indicted defendant for the crimes of criminal possession of a controlled substance in the second degree (Penal Law, § 220.18, subd 4), and in the third degree (Penal Law, § 220.16, subd 6). Upon his arraignment, defendant pleaded not guilty to both charges and subsequently moved, *inter alia,* to dismiss the indictment on the ground that the evidence before the Grand Jury was insufficient. Finding that the evidence was sufficient to sustain the indictment, however, the County Court denied this motion on September 23, 1975, and immediately thereafter and as a result of plea bargaining, it was agreed by the parties that defendant would withdraw his plea of not guilty to both charges and enter a plea of guilty to the second count, criminal possession in the third degree, in full satisfaction of the indictment. It was likewise agreed that defendant would receive an indeterminate sentence of one year to life, and he was sentenced accordingly on October 16, 1975. On this appeal, defendant initially contends that the indictment against him should have been dismissed because the evidence before the Grand Jury was provided by accomplices and uncorroborated. Perusal of the Grand Jury minutes leads us to conclude otherwise. Assuming *arguendo* that the main witness before the Grand Jury was an accomplice and that the defendant was not foreclosed by his guilty plea from raising this argument on appeal, the testimony of the alleged accomplice was such that a jury might be reasonably satisfied that the accomplice was telling the truth (cf. *People v Daniels,* 37 NY2d 624, 630).

Moreover, the testimony of the undercover agent, given after investigation and surveillance, established that the defendant was in the company of persons possessing and preparing for sale large quantities of drugs *(People v Daniels, supra)* and thus tended to connect the defendant with the commission of the offense (CPL 60.22, subd 1). The corroborating testimony harmonized with the accomplice's narrative so as to have a tendency to furnish the necessary connection between the defendant and the crime *(People v Morhouse,* 21 NY2d 66, 74). Accordingly, the indictment was properly sustained. Similarly without merit are defendant's contentions that he should have been placed on life probation in lieu of the sentence imposed and that the County Court should have required the District Attorney to include a recommendation for parole in a statement pursuant to subdivision 4 of section 214 of the Correction Law. No extraordinary circumstances are presented to justify our disturbance of the sentence *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861), which was clearly authorized for the class A-III felony conviction here (Penal Law, § 70.00, subds 2, 3). As to the cited section of the Correction Law, that relates to reports by prison wardens to the Board of Parole and was obviously misconstrued by defendant. We have considered defendant's remaining arguments and find them to be without substance. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.