OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the information is dismissed.
Defendant was charged in an information with two counts of failing to register as a sex offender within 10 days after any change of address (Correction Law § 168-f [4]) and one count of failing to personally verify his address with local law enforcement every 90 calendar days following his initial release (Correction Law § 168-f [3]). He pleaded guilty to one count of violating Correction Law § 168-f (4) in full satisfaction of the charges contained in the information.
It is alleged in the information that defendant had been convicted of a sex offense in South Carolina on October 19, 1992; that he had been designated a level three sex offender; and that he had registered as a sex offender in New York on July 6, 1999. It is further alleged that defendant had notified the Division of Criminal Justice Services (DCJS) of a change of address to Hoboken, New Jersey, on November 12, 2002 and that DCJS did not receive any other change of address from defendant until July 2006. The complainant alleged in the information that “by defendant’s own admission defendant moved on or about 12/8/2005 to 1216 Herkimer Street, Kings County New York, and on or about 2/27/2006 defendant moved to 827 Gates Avenue, Kings County.”
On appeal, defendant contends that the count of the information charging a violation of Correction Law § 168-f (4) is jurisdictionally defective because it relies — to establish that he committed the element of the offense that he changed his address, and, by the same token, to establish that he committed the offense at all — solely on his uncorroborated admissions that *55 he had moved (see generally CPL 60.50). In their brief on appeal, the People rely on a “Complaint Room Screening Sheet,” which indicated that the arresting officer had been informed by the administrator of Miracle House, located at 827 Gates Avenue, that defendant had been living at that location since February 27, 2006, and that the arresting officer had observed defendant at that location when he had placed defendant under arrest.
Defendant correctly asserts that there are no allegations contained in the information corroborating his admissions that he moved in December 2005 to Herkimer Street in Brooklyn, and that, in February 2006, he moved to Gates Avenue in Brooklyn. While the People rely on the “Complaint Room Screening Sheet” to corroborate defendant’s admissions, an information must set forth the required nonhearsay evidentiary allegations within “the four corners of the instrument itself or in annexed supporting depositions” (People v Thomas, 4 NY3d 143, 146 [2005] [internal quotation marks omitted]; see CPL 100.15 [3]; 100.40 [1]). CPL 60.50 provides that a conviction may not be based solely upon evidence of a confession or admission; rather, corroboration is necessary, which requirement is satisfied “by the production of some proof, of whatever weight, that a crime was committed by someone” (People v Daniels, 37 NY2d 624, 629 [1975]). The “Complaint Room Screening Sheet,” relied upon by the People to corroborate defendant’s admissions, was not signed nor was it referred to in the information or made a part thereof. There are, therefore, no allegations in the information corroborating admissions necessary to establish that a crime had been committed. The question presented is whether the prima facie case requirement for an information is satisfied where corroboration is required by law to sustain a conviction and yet the information contains no allegations of corroborative evidence.
Prior to the amendment of CPL 190.65 (1) in 1983, the Appellate Division, First Department, in People v King (48 AD2d 457 [1975]), and the Appellate Division, Second Department, in People v Clarkson (50 AD2d 903, 904 [1975]), had held that where corroborative evidence is required to support a conviction, such evidence need not be presented to a grand jury to support an indictment, while the Appellate Division, Third Department, in People v Laws (54 AD2d 518, 519 [1976]), had held that such allegations had to be presented to the grand jury. As amended, CPL 190.65 (1) provides that a person may be *56 indicted where the evidence before the grand jury “is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent.” The Legislature failed to amend CPL 100.15 or CPL 100.40 to include a requirement that allegations of corroboration, where corroboration would be necessary to sustain a conviction, be set forth in an information for it to be sufficient on its face. Nevertheless, we are of the view that where corroborative evidence is required to support a conviction, such allegations must be included in the information for it to satisfy the prima facie case requirement.
An information is jurisdictionally sufficient if it contains allegations which would establish, “if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]; see also CPL 100.15).
CPL 70.10 (1) provides: “ ‘Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” The Court of Appeals, when referring to CPL 70.10 (1), has “explicitly stated that the prima facie standard applies not only to indictments, but also to petitions in a juvenile delinquency proceeding and to informations” (Matter of Angel A., 92 NY2d 430, 434 [1998] [citation omitted]; see Matter of Jahron S., 79 NY2d 632, 639 [1992]).
Family Court Act § 311.2, the language of which is nearly identical to CPL 100.40 (1), likewise does not provide that corroboration of an admission or confession must appear in the petition or supporting deposition. Nevertheless, in Matter of Rodney J. (108 AD2d 307 [1985]), the Appellate Division, First Department, held that corroboration of an out-of-court confession must be alleged in a Family Court delinquency petition or supporting deposition. In Matter of Daniel McC. (250 AD2d 615 [1998]), the Appellate Division, Second Department, similarly held, among other things, that a “designated felony act petition” was not jurisdictionally defective since the “petition alleged the requisite corroboration of the appellant’s inculpatory statement” (see also Matter of Ethan S., 28 AD3d 1165 [4th Dept 2006]).
In view of the foregoing, absent an allegation corroborating defendant’s admissions, the information does not satisfy the *57 prima facie case requirement and, thus, is jurisdictionally defective (People v Miedema, 24 Misc 3d 132[A], 2009 NY Slip Op 51368[U] [App Term, 9th & 10th Jud Dists 2009]; cf. Matter of Daniel McC., 250 AD2d 615 [1998]).
Accordingly, the judgment of conviction is reversed and the information is dismissed.
Pesce, EJ., Weston and Golia, JJ., concur.