[969 NE2d 770, 946 NYS2d 552]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK SUBER, Respondent.

Argued March 22, 2012; decided May 8, 2012

**POINTS OF COUNSEL**

*Charles J. Hynes, District Attorney*, Brooklyn (*Leonard Joblove* and *Seth M. Lieberman* of counsel), for appellant. The information was facially sufficient because the corroboration requirement of CPL 60.50 does not apply to informations. (*People v Keizer*, 100 NY2d 114; *People v Casey*, 95 NY2d 354;

*People v Kalin*, 12 NY3d 225; *People v Tychanski*, 78 NY2d 909; *People v Heller*, 180 Misc 2d 160; *People v McKinney*, 145 Misc 2d 460; *Matter of Theroux v Reilly*, 1 NY3d 232; *People v Nuccio*, 78 NY2d 102; *People v Gilmour*, 98 NY2d 126; *People v Coe*, 71 NY2d 852.)

*Legal Aid Society*, New York City (*Nancy E. Little* and *Steven Banks* of counsel), for respondent. The Appellate Term correctly held that the information was jurisdictionally defective where, apart from respondent's statement to the police, it failed to set forth any allegations that a crime had occurred. (*People v Casey*, 95 NY2d 354; *People v Alejandro*, 70 NY2d 133; *People v Jones*, 9 NY3d 259; *Matter of Jahron S.*, 79 NY2d 632; *People v Potwora*, 44 AD2d 207; *People v Mayo*, 36 NY2d 1002; *People v Escalera*, 143 Misc 2d 779; *Matter of Angel A.*, 92 NY2d 430; *People v Kalin*, 12 NY3d 225; *People v Bello*, 92 NY2d 523.)

**OPINION OF THE COURT**

GRAFFEO, J.

The issue in this appeal is whether a defendant's admissions must be corroborated in order to satisfy the prima facie case requirement for an information. We hold that corroboration is not necessary in this context.

Defendant Frank Suber registered as a level three sex offender in 1999. At that time, he received written notification that any change in his home address had to be communicated to the Division of Criminal Justice Services (DCJS) and that he also had to personally verify his residence address with local law enforcement officials every 90 days. In December 2005, defendant moved to an address in Brooklyn and he subsequently moved to another location within the borough in February 2006. On both occasions, defendant failed to update his information with DCJS and did not verify his addresses with the New York City Police Department. In July 2006, he notified DCJS that he was living in the Bronx.

Defendant eventually told a police officer about his two former Brooklyn residences. As a result of that disclosure, the People filed a misdemeanor information charging defendant with two counts of failing to personally verify his home address with local law enforcement every 90 days (*see* Correction Law § 168-f [3]) and two counts of failing to register as a sex offender within 10 days after changing his address (*see* Correction

Law § 168-f [4]).[1] One of the allegations in the accusatory instrument was that defendant had admitted moving to two Brooklyn residences without notification during the relevant time periods.

In Criminal Court, defendant challenged the facial sufficiency of the information because it did not state facts or include affidavits that corroborated his statements to the police. After the court concluded that corroboration was not required, defendant pleaded guilty to one count of failing to register within 10 days of moving in return for a sentence of time served. The Appellate Term reversed and dismissed the accusatory instrument, holding that an information must set forth corroboration of an admission and that the lack of corroborative allegations regarding defendant's residences rendered the accusatory instrument jurisdictionally insufficient (35 Misc 3d 53 [App Term, 2d Dept 2011]). A Judge of this Court granted leave to appeal (17 NY3d 802 [2011]) and we now reverse and reinstate the conviction.

Because defendant pleaded guilty, he forfeited any challenges to nonjurisdictional defects in the accusatory instrument—only jurisdictional and certain constitutional issues may be raised on appeal (see generally People v Konieczny, 2 NY3d 569, 573 [2004]). Not every statutory requirement for an accusatory instrument is jurisdictional in nature (see People v Casey, 95 NY2d 354, 362 [2000]). The issue before us is whether corroboration of a defendant's admission is necessary in an information. If it is not required, then we have no occasion to address whether a corroboration element would be jurisdictional in nature.

As a general rule, a person cannot "be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed" (CPL 60.50). Since this corroboration provision refers only to convictions, it has no bearing on the adequacy of charging instruments that provide the bases for prosecutions. Instead, the statutes that apply to accusatory instruments must be consulted to determine whether corroboration of an accused's admission is needed to commence a criminal proceeding.

The Criminal Procedure Law contains various mandated components for the different categories of accusatory instruments. As pertinent to the issue in this appeal, a complaint is

---

1. When defendant was charged, a violation of these provisions was classified as an A misdemeanor for a first offense and a D felony for subsequent offenses (see Correction Law former § 168-t [2005]; L 1999, ch 453, § 20). Currently, a first offense is deemed an E felony and subsequent violations are denoted as D felonies (see Correction Law § 168-t; L 2007, ch 373, § 1).

one of the simplest forms of an accusatory instrument. It must contain "facts of an evidentiary character" (CPL 100.15 [3]) that establish "reasonable cause" to believe that the accused committed the charged offense (CPL 100.40 [4] [b]). That requirement also applies to an information (*see* CPL 100.40 [1] [a], [b]) but this type of instrument is subject to a more stringent test: the information and any supporting depositions must set forth "[n]on-hearsay allegations" that "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]). This is referred to as the "prima facie case" standard for informations (*see e.g. People v Casey*, 95 NY2d at 362). "The reason for requiring the additional showing of a prima facie case . . . lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law" (*People v Jones*, 9 NY3d 259, 262 [2007] [internal quotation marks omitted]).

In the hierarchy of accusatory instruments, the Criminal Procedure Law imposes additional requirements for indictments. In order to issue an indictment, a grand jury must be presented with "competent and admissible evidence . . . provid[ing] reasonable cause" and the proof must be "legally sufficient to establish that such person committed such offense" (CPL 190.65 [1]). The phrase "legally sufficient evidence" is defined in the Criminal Procedure Law as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent" (CPL 70.10 [1]). Section 190.65 (1) similarly directs that the proof presented to the grand jury must be corroborated if corroboration is legally required to sustain a conviction (*see* CPL 190.65 [1] [a]). Since CPL 60.50 states that a conviction cannot be based solely on an accused's uncorroborated admission, both CPL 70.10 (1) and 190.65 (1) correlate the corroboration rule to grand jury indictments.

On occasion, we have referred to the "legally sufficient evidence" standard for indictments as a "prima facie case" requirement (*see e.g. People v Gordon*, 88 NY2d 92, 95 [1996]; *People v Swamp*, 84 NY2d 725, 730 [1995]). Based on this label, one could view our precedent as having equated the prima facie case required for an indictment—which includes a corroboration requirement—with the prima facie case standard for an information. Indeed, the dissent adopts the view that corroboration

is a component of an information's prima facie case even though the statutes governing the content of informations do not incorporate the "legally sufficient evidence" test. But a closer examination of our decisions and the relevant statutes reveals that there are at least two important differences that result in distinct prima facie case standards for informations and indictments.

First, we have been careful to note that the prima facie showing for an indictment refers to legally sufficient evidence that is competent—i.e., evidence that is not "inadmissible under any circumstances because [it is] subject to a per se exclusionary rule" (*People v Swamp*, 84 NY2d at 732; *see People v Gordon*, 88 NY2d at 96; *People v Oakley*, 28 NY2d 309, 312 [1971]; *see generally People v Grant*, 17 NY3d 613, 616 [2011]; *People v Mills*, 1 NY3d 269, 274-275 [2003]; *People v Bello*, 92 NY2d 523, 525-526 [1998]; *People v Hetrick*, 80 NY2d 344, 349 [1992]). The prima facie case for an information, in contrast, excludes only a particular type of incompetent evidence—hearsay—without restricting the People from utilizing other types of proof in order to commence a criminal proceeding (*see* CPL 100.40 [1] [c]).

Second, and more relevant to this appeal, the precise language that the Legislature chose when the Criminal Procedure Law was adopted unmistakably establishes that corroboration was intended to be a component of the prima facie case for an indictment but not an information. Contrary to the specific reference to the corroboration rule in the statutes that pertain to indictments (*see* CPL 70.10 [1]; 190.65 [1]), the text of the information provision references "[n]on-hearsay allegations . . . establish[ing], if true, every element of the offense and the defendant's commission thereof" (CPL 100.40 [1] [c]). This statute governing informations does not state, directly or inferentially, that this type of accusatory instrument must corroborate an accused's admission. Since clear and unequivocal statutory language is presumptively entitled to authoritative effect (*see e.g. People v Ballman*, 15 NY3d 68, 72 [2010]; *People v Kisina*, 14 NY3d 153, 158 [2010]; *People v Garson*, 6 NY3d 604, 611 [2006]), CPL 100.40 (1) does not mandate corroboration of an admission in an information. Hence, the prima facie case requirement for an information "does [not] rise to the level of legally sufficient evidence that is necessary" to set forth a facially valid indictment or "survive a motion to dismiss based on the proof presented at trial" (*People v Kalin*, 12 NY3d 225, 230 [2009]).

Legislative history confirms this textual analysis. The drafters of the Criminal Procedure Law initially proposed that the "legally sufficient evidence" standard be incorporated in the legislation that ultimately became CPL 100.40 (*see* Temp St Commn on Rev of Penal Law and Crim Code, 1967 Proposed NY CPL 50.35 [1] [c], at 84; 1968 Study Bill and Commn Rep of Temp St Commn on Rev of Penal Law and Crim Code, Proposed NY CPL 50.35 [1] [c], at 35). That term of art—"legally sufficient evidence"—was later removed by the Legislature from the information provision and replaced with the current "[n]onhearsay allegations" language (*see* Temp St Commn on Rev of Penal Law and Crim Code, 1969 Proposed NY CPL 100.40, at 55). Such a significant alteration during the drafting process indicates that this issue was considered and a decision was made to exclude corroboration from the necessary components of a facially sufficient information (*see generally* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.40, at 388).

Events that occurred after the enactment of the CPL provide additional support for this conclusion. Despite the technical definition of "legally sufficient evidence," in the 1970s a split emerged in the appellate courts as to whether an indictment had to allege corroborative facts (*compare People v King*, 48 AD2d 457, 459 [1st Dept 1975], *with People v Laws*, 54 AD2d 518, 519 [3d Dept 1976]). The Legislature responded by amending CPL 190.65 (1) to include an explicit corroboration rule (*see* L 1983, ch 28, § 1) even though this created a redundancy with CPL 70.10 (1) (*see* Bellacosa, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.65, 1993 Pocket Part, at 107-108). Notably, at the time of this amendment, the Legislature did not add similar phraseology in CPL 100.40 (1) (c), which suggests that the Legislature did not wish to apply a corroboration requirement to informations.

 The dissent disregards this linguistic and historical proof, choosing instead to place emphasis on phrases from *People v Alejandro* (70 NY2d 133 [1987]) and *Matter of Jahron S.* (79 NY2d 632 [1992]) to support its mistaken belief that the prima facie case test is always identical to the legally sufficient evidence standard.[2] We have previously explained that those decisions contain language that was not essential to their holdings

---

**2.** Although the dissent cites some lower court cases that are consistent with its position (*see* dissenting op at 257), that view has not been shared

*(n. cont'd)*

and therefore do not bind subsequent cases (*see People v Casey*, 95 NY2d at 362; *People v Kalin*, 12 NY3d at 232). To the extent that *Alejandro* and *Jahron S.* may have tended to equate a prima facie case for an information or a juvenile delinquency petition with legally sufficient evidence under CPL 70.10 (1), those portions of the writings were dicta and, as we now explain, are incompatible with the governing statutes. The core holdings of the cases—that the prima facie case rule applies to a juvenile delinquency petition (*see Matter of Jahron S.*, 79 NY2d at 639) and that the failure to allege every element of an offense is a jurisdictional defect (*see People v Alejandro*, 70 NY2d at 136; *People v Casey*, 95 NY2d at 362)—remain controlling law.

■ For all of these reasons, we hold that corroboration of a defendant's admission is not a component of the prima facie case requirement for an information. In this case, the absence of allegations in the information corroborating defendant's statements about his residences in December 2005 and February 2006 did not affect the jurisdictional validity of the information and his conviction on the guilty plea should not have been set aside (*see People v Kalin*, 12 NY3d at 232).

Our holding does not dispense with corroboration for all purposes in a prosecution premised on a misdemeanor information. We simply conclude that the accusatory instrument is not defective if it does not set forth corroborative evidentiary allegations. If a case proceeds to trial, the requirement for corroboration in CPL 60.50 is triggered and a person cannot "be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed."

Accordingly, the order of the Appellate Term should be reversed and the judgment of the Criminal Court of the City of New York, Kings County, reinstated.

CIPARICK, J. (dissenting). In holding that the corroboration of a defendant's admission is not necessary to satisfy the prima facie case requirement for an information, the majority today departs from well settled precedent and again "brushes aside the protections that must be afforded to misdemeanor defendants to ensure that such prosecutions do not become routinized or treated as insignificant or unimportant" (*People v Kalin*, 12

universally (*see e.g. People v Lopez*, 34 Misc 3d 476, 481 [Crim Ct, Richmond County 2011] [observing that a "plain reading of the relevant statutes indicates that 'two standards' is exactly what the Legislature set up"]).

NY3d 225, 234 [2009, Ciparick, J., dissenting]). Accordingly, I respectfully dissent.

The Legislature has defined what constitutes a facially sufficient information in the Criminal Procedure Law (*see* CPL 100.40 [1]). Like a complaint, an information must allege "facts of an evidentiary character" (CPL 100.15 [3]) that "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]). Unlike a complaint, however, an information must also contain "[n]on-hearsay allegations . . . [that] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]). We have referred to this latter, more "stringent condition" as the "prima facie case" requirement (*see People v Alejandro*, 70 NY2d 133, 137 [1987]; *see also People v Casey*, 95 NY2d 354, 362 [2000]).

In *Alejandro*, we explained the reason that the Legislature requires "the additional showing of a prima facie case for an information lies in the unique function that an information serves under the statutory scheme" (70 NY2d at 137). After all, absent waiver, an information is the sole "instrument upon which [a] defendant is prosecuted for a misdemeanor or a petty offense" (*id.* at 137-138; *see People v Jones*, 9 NY3d 259, 262 [2007]; *see also* CPL 170.65 [3]). We further noted that in the Legislature's "insistence on a prima facie case for informations, there clearly appears a vital legislative concern that a defendant—who, under the Criminal Procedure Law, can be prosecuted on the basis of an information alone—must have, at least, an assurance that the information contains allegations establishing a *legally sufficient* case" (*Alejandro*, 70 NY2d at 139 [emphasis added]).* Given this "vital legislative concern," we held that an information which fails to set forth a prima facie case is jurisdictionally defective (*see id.*).

We affirmed our holding in *Alejandro* in *Matter of Jahron S.* (79 NY2d 632 [1992]). There, in the context of a family court juvenile delinquency proceeding, we concluded "the prima facie standard applicable to informations applies equally to Family Court petitions" (*id.* at 639). Critical to this determination, we observed that in order to establish a legally sufficient case (i.e.,

---

* The Legislature has defined "legally sufficient evidence" as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent" (CPL 70.10 [1]).

state a prima facie case), both an information and a family court petition must set forth "sufficient evidence to warrant a *conviction*, if unexplained or uncontradicted" (*id.* [internal quotation marks omitted and emphasis added]).

In this case, the allegation in the information "that defendant had admitted moving to two Brooklyn residences without notification during the relevant time periods" (majority op at 250) clearly would be insufficient evidence to warrant a conviction for a violation of Correction Law § 168-f (4). As the majority notes, CPL 60.50 provides that a defendant cannot "be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." Here, it is undisputed that the People did not furnish additional proof to corroborate these admissions. Although the majority asserts that CPL 60.50 "has no bearing on the adequacy" (majority op at 250) of the information in this case, our decision in *Jahron S.* suggests the opposite conclusion. Indeed, applying the rule enunciated in *Jahron S.*, it should be readily apparent that the information fails to establish a prima facie case for a violation of Correction Law § 168-f (4) since the allegation rests solely on an uncorroborated admission that, if unexplained or uncontradicted, would be legally insufficient to warrant a conviction.

Nonetheless, the majority, relying on a 1969 revision to the statute governing informations, pronounces that CPL 100.40 (1) does not mandate corroboration of a defendant's admission alleged in an information (*see* majority op at 252). In arriving at this conclusion, the majority finds that the prima facie requirement for informations equates to something less than legal sufficiency (*see* majority op at 252). This determination, however, is squarely at odds with our holdings in *Alejandro* and *Jahron S.*—cases decided long after the 1969 amendment to the Criminal Procedure Law. Indeed, in those cases, we carefully considered the "legislative purpose of establishing a special and more stringent condition for a finding of facial sufficiency of an information" (*Alejandro*, 70 NY2d at 137) and unequivocally concluded that, to satisfy the prima facie requirement, the allegations set forth in an information must be legally sufficient.

The majority also finds support in a 1983 amendment to CPL 190.65 (1), a statute pertaining to indictments. Such reliance is equally misplaced. Effective April 5, 1983, the Legislature amended this statute by inserting language requiring "that the evidence supporting an indictment contain the corroboration

required by law to sustain a conviction" (*Matter of Rodney J.*, 108 AD2d 307, 312 [1st Dept 1985]; *see* L 1983, ch 28, § 1). The majority notes that "the Legislature did not add similar phraseology in CPL 100.40 (1) (c)" and extrapolates that "the Legislature did not wish to apply a corroboration requirement to informations" (majority op at 253). I disagree.

It is clear that the purpose of the 1983 amendment to CPL 190.65 (1) was not to fashion a distinction between indictments and informations but rather "to eliminate the uncertainty created by several Appellate Division decisions as to whether corroboration was a necessary prerequisite for indictment" (*Rodney J.*, 108 AD2d at 312; *compare People v King*, 48 AD2d 457, 459 [1st Dept 1975] [corroboration not required to sustain an indictment], *with People v Laws*, 54 AD2d 518 [3d Dept 1976] [corroboration required to sustain an indictment]). Moreover, we were surely aware of the 1983 amendment to this statute when we decided *Alejandro* in 1987 and *Jahron S.* in 1992. Yet, in *Alejandro* and *Jahron S.*, we unmistakably held that an information (and a family court petition) must contain allegations that establish a legally sufficient case. Such a rule necessarily requires corroboration of a defendant's admission (*see* CPL 70.10 [1]).

I see no reason why the majority fails to adhere to this sound precedent. Indeed, many lower courts, also following the 1983 amendment to CPL 190.65 (1), have routinely concluded that corroboration of a defendant's admission in an information is necessary to state a prima facie case (*see e.g. People v Miedema*, 24 Misc 3d 132[A], 2009 NY Slip Op 51368[U] [App Term, 2d Dept 2009]; *People v Gundarev*, 25 Misc 3d 1204[A], 2009 NY Slip Op 51972[U], *6 [Crim Ct, Kings County 2009] [finding it anomalous "that while a felony indictment may be dismissed if based solely on defendant's uncorroborated admissions, a defendant charged with a misdemeanor, who may not be convicted solely on a confession, might nevertheless be forced to proceed to trial in those circumstances"]).

In sum, given that a misdemeanor defendant does not have the protections of a grand jury reviewing his case, but rather "can be prosecuted on the basis of an information alone" (*Alejandro*, 70 NY2d at 139), I would affirm the order of the Appellate Term and hold that an information containing allegations premised solely on the uncorroborated admissions of a defendant does not satisfy the prima facie case requirement.

Judges READ, SMITH, PIGOTT and JONES concur with Judge GRAFFEO; Judge CIPARICK dissents and votes to affirm in a separate opinion in which Chief Judge LIPPMAN concurs.

Order reversed, etc.