OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Jonathan Perez, is charged with assault in the third degree (Penal Law § 120.00 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). The defendant moves to dismiss the charge of assault in the third degree for facial insufficiency.[1] Because the evidentiary facts alleged do not support every element of the crime, the charge is jurisdictionally defective and the defendant’s motion therefore is granted.
To be sufficient, an information must allege “facts of an evidentiary character” (CPL 100.15 [3]) which provide reasonable cause to believe that the defendant committed the offense charged (see CPL 100.40 [1] [b]). Reasonable cause exists when “evidence or information which appears rehable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). Further, the nonhearsay factual allegations of the information and any supporting depositions, if accepted as true, must establish the defendant’s commission of every element of the offense charged (see CPL 100.40 [1] [c]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]). This is known as the prima facie case standard for an information (see People v Kalin, 12 NY3d 225, 229 [2009]).
The prima facie case standard for an information comprises two requirements (see People v Casey, 95 NY2d 354, 362 [2000]). First, the information must allege every element of the charged offense and second, those allegations must be nonhearsay (see id.; Kalin, 12 NY3d at 229). Because a hearsay pleading defect does not implicate any fundamental rights, a defendant either may waive it by consenting to prosecution on a misdemeanor *450 complaint or forfeit it by pleading guilty (see People v Keizer, 100 NY2d 114, 122 [2003]; Casey, 95 NY2d at 367). In contrast, a pleading error which omits the elements of a charged crime is of constitutional dimension since it impairs a defendant’s basic right to fair notice sufficient to enable him to prepare a defense and prevent double jeopardy (Casey, 95 NY2d at 366). Consequently, the failure to allege a complete element of a charged offense is a non-waivable jurisdictional defect (see People v Fernandez, 20 NY3d 44, 47 [2012]; People v Dreyden, 15 NY3d 100, 103 [2010]; Kalin, 12 NY3d at 229; Casey, 95 NY2d at 366-367; People v Jones, 9 NY3d 259, 263 [2007]; Alejandro, 70 NY2d at 139).
Fundamental principles of justice and fairness mandate that an accusatory instrument “factually describe the elements of the crime and the particular acts of the defendant constituting its commission” (Casey, 95 NY2d at 363). Whether it is denominated as a misdemeanor complaint or an information, the instrument must allege facts of an evidentiary character which provide reasonable cause to believe that the defendant committed the crime charged (see People v Suber, 19 NY3d 247, 251 [2012]). A misdemeanor complaint which violates the reasonable cause requirement by failing to allege sufficient evidentiary facts to support an element of the crime charged is jurisdictionally defective (see Fernandez, 20 NY3d at 47; Dreyden, 15 NY3d at 103). Because “a misdemeanor complaint is a misdemeanor information . . . with hearsay allegations permitted,” a misdemeanor complaint must allege evidentiary facts supporting every element of the offense charged (id. at 50). Thus, a misdemeanor complaint also must comply with the first requirement of the prima facie case standard for an information in order to be jurisdictionally sufficient.
Here, the defendant is charged in a misdemeanor complaint with one count of assault in the third degree. The complaint alleges, in pertinent part, that on December 19, 2012 in Queens County, the defendant “grabbed [Sonia Cruz], pushed her and punched her in the back, causing her substantial pain.” At arraignment, the court found the facts alleged insufficient to establish the element of physical injury and directed the People to file and serve a jurisdictionally sufficient superceding information for that charge. On the next adjournment date, the People declined to file such an instrument. Thereafter, the defendant filed and served the instant motion to dismiss.
The defendant contends that the allegation that the complainant suffered substantial pain, without more, does not establish *451 that he caused physical injury to her. Citing to Matter of Philip A. (49 NY2d 198 [1980]), the defendant notes that the accusatory instrument does not allege that the complainant sustained even mere redness. Thus he argues that it fails to adequately plead an element of the crime of assault in the third degree and that the charge therefore must be dismissed as jurisdictionally defective. The People counter that the allegation that the complainant suffered substantial pain as a result of the defendant’s actions is sufficient, for pleading purposes, to establish physical injury. They assert that whether the complainant suffered physical injury is a question of fact, and that “a reasonable jury could infer that the complainant suffered substantial pain as a result of a punch to the back.” They state that there is a “critical distinction between the standards of proof at the pleading versus trial stages” and claim that Matter of Philip A., addresses “what evidence [is] legally sufficient to establish physical injury . . . beyond a reasonable doubt at trial.” Relying on People v Henderson (92 NY2d 677 [1999]), they contend that criminal complaints frequently are drafted in the hours immediately following an alleged assault before the complainant fully can assess its “lasting effects” (id. at 680). Thus, they ask the court to deny the defendant’s motion and to allow them “the opportunity at trial to detail the nature and extent of the injuries suffered by the complainant, and to offer . . . proof that the complainant suffered either substantial pain or impairment of physical condition.”
Although the standard for legally sufficient evidence differs in certain respects from the prima facie case standard, they are substantively equivalent (see People v Suber, 19 NY3d 247, 251 [2012]; People v Swamp, 84 NY2d 725, 730 [1995]). Legally sufficient evidence is defined as “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent” (CPL 70.10 [1]; see also Suber, 19 NY3d at 251). Competent evidence is evidence that is admissible because it is not subject to a per se exclusionary rule (see Suber, 19 NY3d at 252). In contrast, the prima facie case standard requires “non-hearsay allegations that establish, if true, every element of the offense charged and the defendant’s commission thereof’ (id. at 251 [internal quotation marks and citation omitted]). While the standard for legally sufficient evidence excludes all incompetent evidence, the only type of evidence *452 which the prima facie case standard excludes is hearsay (see id.). Moreover, the mandate that legally sufficient evidence be corroborated is not applicable to the prima facie case standard (see id. at 252).[2] In this sense, the prima facie case standard “does [not] rise to the level of legally sufficient evidence that is necessary ... to survive” a motion for a trial order of dismissal (id. [internal quotation marks omitted], citing Kalin, 12 NY3d at 230). Nevertheless, an information must “give an accused notice sufficient to prepare a defense and [be] adequately detailed to prevent a defendant from being tried twice for the same offense” (Kalin, 12 NY3d at 230, citing People v Konieczny, 2 NY3d 569, 575 [2004]). Specifically, where a defendant is charged with assault in the third degree, the information “must set forth sufficient factual allegations to warrant the conclusion that the victim suffered an impairment of physical condition or substantial pain and otherwise is fatally defective” (Henderson, 92 NY2d at 680 [internal quotation marks and emphasis omitted]).
In Matter of Philip A., the New York Court of Appeals decided what kind of evidence is required as a matter of law to establish substantial pain for assault in the third degree. There, the court accepted as “proven” that the defendant “twice hit the complainant in the face, causing him to cry, his face to feel like bumps were coming on it though none did, causing red marks on his face, and causing him pain” (Matter of Philip A., 49 NY2d at 199-200). Finding this evidence “insufficient to establish substantial pain beyond a reasonable doubt,” it reversed the conviction and dismissed the accusatory instrument (id. [internal quotation marks omitted]). The court determined that the evidence was legally insufficient not because it was incompetent or because corroboration was required by law, but because of the nature of the proof presented. Contrary to the People’s contention, the holding in Philip A. therefore applies not just to the sufficiency of evidence presented at trial but to the sufficiency of the factual allegations of an information. Consequently, if the facts alleged at trial do not support a requisite element of the crime, then neither would the same facts alleged in an information.
In construing the statutory definition of physical injury as substantial pain, the Court noted that “it is clear . . . that the *453 Legislature did not intend a wholly subjective criterion to govern” (id.). The Court explained that although the question of whether substantial pain has been proved is generally for the trier of fact, who can consider “among other factors, the subjective reaction of the person claimed to have been assaulted, there is an objective level. . . below which the question is one of law, and the charge should be dismissed” (id. [citation omitted]). Hence, the court unequivocally rejected the interpretation that substantial pain may be based entirely upon the subjective experience of the victim. Rather, it ruled that, as a matter of law, a finding of substantial pain must be supported by some objective evidence (id.).
Thereafter, in People v Chiddick (8 NY3d 445, 447 [2007]), the Court of Appeals specified which “factual aspects of a case” to examine in order to decide whether the evidence is sufficient to establish substantial pain. Significantly, the “most important” factual aspect is “the injury defendant inflicted, viewed objectively” (id.). Nonetheless, the victim’s subjective description of what he experienced is also important (id.). The Court opined that sometimes an objective account of the injury, without testimony about the victim’s subjective experience, will be sufficient to support a finding of substantial pain, but that sometimes it will not (id.). Conspicuously, the Court did not suggest in the alternative that testimony about the victim’s subjective experience, without an objective account of the injury, would be enough under any circumstance to establish substantial pain. Additionally relevant is whether the victim sought medical treatment for the injury inflicted, since that implies the pain was significant (see id.). A victim’s failure to seek medical treatment, however, does not preclude a finding of substantial pain since “pain is subjective and different persons tolerate it differently” (People v Guidice, 83 NY2d 630, 636 [1994]). Finally, the motive of the defendant may also be relevant since “an offender more interested in displaying hostility than in inflicting pain will often not inflict much of it” (Chiddick, 8 NY3d at 448). Accordingly, the court found sufficient evidence of substantial pain where, during a scuffle in which the defendant was trying to escape the victim’s hold, the defendant bit the victim on the finger hard enough to crack his fingernail and make his finger bleed, causing the victim to feel moderate pain and requiring him to receive a tetanus shot and a bandage at a hospital (id. at 446).
The Court of Appeals’ previous rulings on the issue are consistent with its analysis and holding in Chiddick. For example, *454 the Court found, sufficient evidence of substantial pain where the victim was struck with a baseball bat, resulting in discoloration, swelling and lost sensation to his arm (Guidice, 83 NY2d at 636); and where the victim sustained a 1.5-inch laceration from a bullet wound which was redressed at a hospital the day after the incident because it was still oozing, was visible at trial, and which a doctor testified could have been painful (People v Rojas, 61 NY2d 726, 727 [1984]). Similarly, the Court found sufficient evidence of physical injury where the victim bled “all over” from lacerations on his eye and hand, had “permanent spots” on his hand at trial, wore bandages for three weeks, and experienced terrible pain as a result of being tripped, sat on, kicked in the ribs and cut with a knife by the defendant (People v Greene, 70 NY2d 860, 862 [1987]); and where the victim temporarily lost consciousness and stopped breathing, sustained contusions to his neck, experienced pain, had difficulty swallowing and was prescribed medication after being choked by the defendant (id.). Analogously, it found sufficient evidence to sustain the defendant’s conviction for assault in the third degree where the victim suffered pain and symptoms for three to five weeks from a concussion and laceration to his head, multiple bruises and sprains, and a bruised and swollen foot which could not support his weight (People v Todd, 59 NY2d 694, 695-696 [1983]).
Conversely, the Court of Appeals ruled that the “incidental reference to a blackened eye without any development of its appearance, seriousness, accompanying swelling, or suggestion of pain was insufficient” to establish substantial pain (People v McDowell, 28 NY2d 373, 375 [1971]). Moreover, evidence that the victim cried, felt an unspecified degree of pain and sustained a red mark after being hit twice by the defendant similarly was insufficient (Matter of Phillip A., 49 NY2d at 200), as was evidence that the victim suffered a one-centimeter cut above her lip (People v Jimenez, 55 NY2d 895, 896 [1982]).
In each case where the Court of Appeals has upheld a finding of substantial pain, some objective evidence supports that finding. That evidence includes, at a minimum, a description of the physical impact of the alleged assault, whether that be an injury or symptoms of an injury. Henderson, primarily relied upon by the People, is no different. In Henderson, the defendant attempted to pull the victim from his motor scooter and kicked him in the legs, causing him to suffer contusions and swelling (92 NY2d at 679). Cognizant that the threshold for substantial *455 pain is “more than a mere technical battery,” and that “petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives” are not within the statutory definition, the Court held that these factual allegations were sufficient to establish a prima facie case for assault in the third degree (id. at 680). In particular, the Court distinguished the defendant’s kicks from those delivered out of “meanness” by noting that the defendant’s motive was to physically attack the victim and forcibly take his property (id.).
Here, the allegation that the complainant suffered “substantial pain” simply tracks the statutory language and is completely conclusory. Moreover, it appears to be based entirely upon the complainant’s subjective experience. The sole evidentiary facts alleged to support the allegation are that the defendant grabbed, pushed and punched the complainant in the back. On their face, these acts are as likely to be delivered out of hostility and meanness as they are from any other motive. But even if, when viewed in the light most favorable to the People (People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U] [Crim Ct, NY County 2008]), the defendant’s acts imply that his motive was to physically injure the complainant, his motive alone, absent any other objective evidentiary facts indicating an injury or the symptoms of an injury, does not “warrant the conclusion that [she] suffered . . . substantial pain” (Henderson, 92 NY2d at 680 [internal quotation marks omitted]; see Matter of Philip A., 49 NY2d at 200). In sum, the conclusory allegation that the complainant suffered substantial pain, without explanation or support, violates the reasonable cause requirement (see Dreyden, 15 NY3d at 104).
Furthermore, while the complainant may not know the “lasting effects” (Henderson, 92 NY2d at 681) of the alleged assault in the hours or days afterward when the misdemeanor complaint is drafted, these effects, if any, should become evident well within the weeks or months of the ensuing speedy trial period. Although the People have had ample opportunity to file a superceding information or a supporting deposition containing additional evidentiary facts, they have failed to do so. While they are not required to describe the exact nature and extent of the complainant’s physical injury at the pleading stage, they must allege some objective evidentiary facts to support an allegation of substantial pain. An accusatory instrument must supply sufficient notice to satisfy the demands of due process and double jeopardy (see Dreyden, 15 NY3d at 103; Kalin, 12 NY3d *456 at 231-232). The lack of adequately detailed factual allegations deprives the defendant of enough notice to prepare a defense and subjects him to being tried twice for the same offense (see Casey, 95 NY2d at 360). Because the evidentiary facts do not support every element of the offense, the assault in the third degree charge is jurisdictionally defective and must be dismissed (see Fernandez, 20 NY3d at 47; Dreyden, 15 NY3d at 104).

. The defendant has not moved to dismiss the charges of endangering the welfare of a child or harassment in the second degree.

. Hence, for example, while a defendant’s admission need not be corroborated for an information to be jurisdictionally valid, a defendant’s confession must be corroborated to sustain a conviction after trial (see CPL 60.50; see also Suber, 19 NY3d at 252).