The People of the State of New York, Respondent,
against
Charlene Thompson, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J.), rendered August 8, 2013. The judgment convicted defendant, upon her plea of guilty, of possession of burglar's tools.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant with possession of burglar's tools (Penal Law § 140.35) and unlawful possession of marihuana (Penal Law § 221.05), alleging that, while in the Staten Island Mall, a retail shopping center, defendant possessed a bag that had been lined with aluminum foil and tape to avoid the detection of metal merchandise tags by store security devices. Defendant subsequently waived her right to be prosecuted by information, pleaded guilty to possession of burglar's tools in satisfaction of the accusatory instrument, and was sentenced to a conditional discharge.
Defendant's sole argument on appeal is that the accusatory instrument was facially insufficient to state the offense absent facts sufficient to allege defendant's intent to use the bag to commit a theft.
Since defendant waived prosecution by information, the standards of facial sufficiency review are those applicable to a complaint (People v Dumay, 23 NY3d 518, 524 [2014]). A local criminal court complaint "is one of the simplest forms of an accusatory instrument" (People v Suber, 19 NY3d 247, 250-251 [2012]) and need only "contain facts of an evidentiary character' (CPL 100.15 [3]) that establish reasonable cause' to believe that the accused committed the charged offense (CPL 100.40 [4] [b])" (Suber, 19 NY3d at 251). Reasonable cause, which is equivalent to probable cause to arrest (see People v Maldonado, 86 NY2d 631, 635 [1995]; People v Johnson, 66 NY2d 398, 402 n 2 [1985]), requires only that the "articulated, objective facts" and the "reasonable inferences to be drawn therefrom" (People v Mercado, 68 NY2d 874, 877 [1986]) suffice to "lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime [was] . . . committed" (People v McRay, 51 NY2d 594, 602 [1980]).
Penal Law § 140.35 provides that a person is guilty of possession of burglar's tools where he or she possesses:
"any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving . . . larceny by a physical taking . . . under circumstances [*2]evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character."
As has long been the rule, "such things as screwdrivers or lengths of wire are not in and of themselves burglar's tools' and no presumption of intent may arise from mere possession of such instruments. However an intent to possess such instruments for an unlawful purpose may be established by circumstantial evidence" (People v Borrero, 26 NY2d 430, 434 [1970] [internal citation omitted]). In People v Banister (13 Misc 3d 764, 770-771 [Crim Ct, NY County 2006]), confronted with the issue of whether a "booster bag" (a shopping bag lined with grey electrical tape) may be construed as a burglar's tool, the court concluded that "a shopping bag . . . specially altered for the purpose of committing a larceny by being lined with electrical tape, and . . . possessed under circumstances evincing an intent to use it in the commission of a theft . . . constitutes a burglar's tool as defined by Penal Law § 140.35" (see also People v Lai Lee, 24 Misc 3d 1233[A], 2009 NY Slip Op 51717[U], *4 [Crim Ct, NY County 2009] [characterizing a "booster bag" as "typically" employed to conceal anti-theft tags on merchandise from detection by store security devices]). We similarly conclude that, at least for pleading purposes, the allegation in the complaint that, in a shopping mall, defendant possessed a bag "lined with aluminum foil and tape in a manner to deflect the use of metal detectors" to detect "security devices on clothing when they are placed in said . . . bag[]," suffices to allege the offense. An ordinary bag is not, in and of itself, a "burglar's tool," and thus no presumption of intent to posses it for an unlawful purpose may arise from its mere possession (see Borrero, 26 NY2d at 434). Consequently, circumstantial evidence to establish that intent is required (see id.). Here, an intent to use the bag, an otherwise innocuous article, for an unlawful purpose was established by the allegations in the complaint that the bag had been possessed in a shopping mall after having been specially modified in a fashion recognized as intended to facilitate a "larceny by a physical taking" (Penal Law § 140.35; see People v Rourke, 44 Misc 3d 133[A], 2014 NY Slip Op 51150[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
A misdemeanor complaint "should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; People v Acevedo, 51 Misc 3d 137[A], 2016 NY Slip Op 50573[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), and applying the principles of reason and common sense that govern review of the sufficiency of pleadings (People Davis, 13 NY3d 17, 31 [2009]), we find that the offense was "sufficiently alleged so that the defendant can prepare . . . for trial, and . . . not be tried again for the same offense" (People v Adekoya, 50 Misc 3d 99, 102 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see People v Dreyden, 15 NY3d 100, 103 [2010]).
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: January 24, 2017