People v Encarncion (2022 NY Slip Op 50381(U))

[*1]

People v Encarncion (Luis)

2022 NY Slip Op 50381(U) [75 Misc 3d 129(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2020-844 N CR

The People of the State of New York,
Respondent,
against
Luis Guzman Encarncion, Appellant. 

Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Benjamin Kussman of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Erica L.
Prager, J.), rendered August 5, 2020. The judgment, insofar as appealed from as limited by the
brief, convicted defendant, upon his plea of guilty, of unlawful fleeing a police officer in a motor
vehicle in the third degree, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
Insofar as is relevant to this appeal, defendant pleaded guilty to aggravated unlicensed
operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2]) and
unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law § 270.25)
in satisfaction of a misdemeanor complaint, and sentence was imposed. As limited by his brief,
defendant contends that so much of the accusatory instrument as charged him with unlawful
fleeing a police officer in a motor vehicle in the third degree is facially insufficient.
Since defendant waived his right to be prosecuted by information, the facial sufficiency of
the accusatory instrument must be evaluated under the standards governing misdemeanor
complaints (see People v Dumay, 23 NY3d 518, 524 [2014]; People v Kalin, 12
NY3d 225, 228 [*2][2009]). In order to be facially sufficient, the
allegations in the factual portion of a misdemeanor complaint, together with any accompanying
supporting depositions, must allege "facts of an evidentiary character supporting or tending to
support the charges" (CPL 100.15 [3]), and must establish "reasonable cause" to believe that the
defendant committed the offense charged (CPL 100.40 [4] [b]; see People v Guaman, 22
NY3d 678 [2014]; People v Suber, 19 NY3d 247 [2012]; Kalin, 12 NY3d at 228),
which is a much lower standard than that applicable to informations (see Suber, 19 NY3d
at 251; Matter of Jahron S., 79 NY2d 632, 640 [1992]). A misdemeanor complaint is
adequate so long as it provides the defendant "with sufficient notice of the charged crime to
satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d
100, 103 [2010]; see People v Aragon, 28 NY3d 125, 128 [2016]; Dumay, 23
NY3d at 524).
An accusatory instrument charging unlawful fleeing a police officer in a motor vehicle in the
third degree must allege, insofar as is relevant, that defendant, "knowing that he . . . has been
directed to stop his . . . motor vehicle by a uniformed police officer or a marked police vehicle by
the activation of either the lights or the lights and siren of such vehicle . . . attempt[ed] to flee
such officer or such vehicle, by . . . engaging in reckless driving as defined [in Vehicle and
Traffic Law § 1212]" (Penal Law § 270.25). Reckless driving shall mean driving or
using any motor vehicle . . . in a manner which unreasonably interferes with the free and proper
use of the public highway, or unreasonably endangers users of the public highway" (Vehicle and
Traffic Law § 1212).
Here, the accusatory instrument alleges that, at about 4:09 a.m., the deponent police officer
was in uniform when he saw defendant's vehicle stopped in a traffic lane on Jerusalem Avenue in
Uniondale, and that the vehicle's headlights were not on. The officer then activated the lights on
his marked police vehicle after which defendant fled the scene. The officer canvassed the area
and discovered that defendant's vehicle had crashed into a parked car. The foregoing allegations,
given "a reasonable, not overly technical reading" (Aragon, 28 NY3d at 128 [internal
quotation marks omitted]), set forth that defendant had been directed to stop his vehicle by the
activation of lights on the marked police vehicle and that defendant fled the scene and engaged in
reckless driving. The allegations that defendant drove his vehicle at 4:09 a.m. without headlights,
along with the ensuing car accident, demonstrate that defendant "unreasonably endanger[ed]
users of the public highway" (Vehicle and Traffic Law § 1212; see Penal Law
§ 275.20). Consequently, we find that the challenged portion of the accusatory instrument is
facially sufficient.
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022