People v Rolando P. (2024 NY Slip Op 24157)

[*1]

People v Rolando P.

2024 NY Slip Op 24157

Decided on May 22, 2024

Criminal Court Of The City Of New York, New York County

Morales, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 22, 2024
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
Rolando P., Defendant.

Docket No. CR-035002-23NY

Robert Jereski, Esq., Legal Aid Society, for the defendant
Jeremy Hutton, Assistant District Attorney, New York County District Attorney's Office

Valentina M. Morales, J.

Papers considered in review of this motion:
Defendant's n/m affirmation, dated March 22, 2024, Robert Jereski, Esq., for defendant
People's affirmation in response, filed April 8, 2024, Jeremy Hutton, Assistant District Attorney
Court file
Valentina M. Morales, J.
Rolando P., hereinafter "defendant," is charged by information with two counts of Forcible Touching (Penal Law § 130.52 [1], [2]) and one count of Sexual Abuse in the Third Degree (Penal Law § 130.55).
By omnibus motion, defendant moves for an order dismissing the accusatory instrument as facially insufficient pursuant to Criminal Procedure Law §§ 100.40, 170.30 (1) (a), and 170.35 (1) (a); suppressing tangible, non-tangible and testimonial evidence; directing the People to comply with various Brady and Criminal Procedure Law § 245 requirements; and suppressing specified evidence or, in the alternative, requesting Huntley/Dunaway, Sandoval, and "voluntariness" hearings. The People oppose the motion to dismiss; maintain they are in compliance with Brady and Criminal Procedure Law § 245 obligations; seek reciprocal discovery pursuant to Criminal Procedure Law § 245; and ask that the requested hearings be referred to the trial judge. For the reasons articulated herein, the defendant's motion to dismiss the accusatory instrument is DENIED. The defendant's additional motions are granted to the extent that hearings are ordered.

 Arguments of the Parties
The defendant asserts that the accusatory instrument's factual allegations fail to establish lack of consent, a necessary element of all three charges. Noting that the People did not explicitly plead that element, the defendant argues that they similarly failed to establish it through circumstantial evidence: "[T]here is, within the four corners of the accusatory instrument, an absence of facts of an evidentiary nature alleging circumstances from which lack of consent could be fairly inferred." (Affirmation of defense counsel ¶ 16.) Therefore, he argues, the accusatory instrument is facially insufficient and must be dismissed.
The People counter that their accusatory instrument sufficiently establishes a lack of consent, maintaining that lack of consent can be reasonably inferred: "[T]he deponent-officer avers that the defendant and the victim had no prior interactions on the subway platform before they boarded the train, and that the defendant followed the victim onto the train. These facts, standing alone, support a reasonable inference that the victim did not consent to" the alleged sexual contact that followed. (Affirmation of the People ¶ 7.) Although the People claim those facts fully establish lack of consent, they also offer that another fact, read in conjunction with the above, also fulfills that purpose, namely that the victim was observed turning her head to look behind her when the defendant touched her buttocks: "The victim's response after the defendant touched her in a sexual manner, in conjunction with the deponent-officer's observations about the lack of any apparent relationship between the parties, circumstantially demonstrates that the victim did not consent to the defendant's actions." (Affirmation of the People ¶ 9.) The People contend they have therefore established every element of every charged offense, and the accusatory instrument is facially sufficient.

 Facial Sufficiency
An accusatory instrument must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]) and demonstrate "reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]). It must contain non-hearsay factual allegations that "establish, if true, every element of the offense charged and defendant's commission thereof" (CPL 100.40 [1] [c]; People v Dumay, 23 NY3d 518 [2014]; People v Casey, 95 NY2d 354 [2000]; People v Dumas, 68 NY2d 729 [1986]). The non-hearsay factual allegations must be sufficient to establish a prima facie case, a standard which does not require the same level of proof needed at trial (People v Suber, 19 NY3d 247 [2012]). The information alone must be sufficient. If a defendant must "resort to the testimony or the record of the evidence to show the crime" for which he is being tried, then the complaint is insufficient (People v Zambounis, 251 NY 94, 96-97 [1929]).
The court must view the facts in the light most favorable to the People when determining the facial sufficiency of an accusatory instrument (People v Contes, 60 NY2d 620 [1983]). "That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry" (People v Deegan, 69 NY2d 976, 979 [1987]). Finally, the court should approach factual allegations with a fair, not overly restrictive or technical reading. The allegations must give defendant enough notice to prepare a defense and prevent defendant from being tried twice for the same offense (Casey at 360). "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution." (People v Case, 42 NY2d 98, 99 [1977].)
The defendant here is charged with one count of each subsection of Penal Law § 130.52, under which a person is guilty of Forcible Touching when he "intentionally, and for no legitimate purpose: (1) forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire; or (2) subjects another person to sexual contact for the purpose of gratifying the actor's sexual desire and with intent to degrade or abuse such other person while such other person is a passenger on a . . . subway ." He is likewise charged with Sexual Abuse in the Third Degree under Penal Law § 130.55, of which a person is guilty "when he or she subjects another person to sexual contact without the latter's consent . . ." The term "sexual contact" is defined as [*2]"any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party." (Penal Law § 130.00 [3].) Forcible Touching and Sexual Abuse in the Third Degree also specify "that the sexual act was committed without consent of the victim." (Penal Law § 130.05 [1].) Under Penal Law § 130.05 (2) (c), lack of consent for these charges results from "any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor's conduct." As stated above, the defendant contends that the complaint's factual allegations fail to establish the requisite element of lack of consent.
According to the criminal complaint, completed by a police officer rather than the apparently non-participating victim, the factual allegations are as follows:
I observed the defendant standing on the 42nd Subway Station platform at the [downtown side] for approximately five minutes. I observed the defendant follow a woman onto the train. I observed that the woman and the defendant had no prior interactions on the platform. I followed the defendant onto the downtown 6 train and observed the defendant press his body up against the woman's buttocks and wrap his arm around her waist. I observed the defendant drop his left hand below the woman's waist and grab her buttocks with his left hand. I observed the defendant do this multiple times. I observed the woman turn her head to look behind her multiple times in response to the defendant grabbing her buttocks. I observed that there was enough room behind the defendant such that he did not need to be pressed up against the woman.
Although cited by neither party, People v King, 73 Misc 3d 143[A], 2021 NY Slip Op 51216[U] (App Term, 1st Dept 2021), controls and is binding on this court. There, in a case of strikingly similar circumstances and completely identical charges, the Appellate Term deemed the accusatory instrument facially sufficient to establish a lack of consent:
The instrument recited that defendant followed the victim onto a subway train, grabbed her buttocks and then "push[ed] his groin up against" her buttocks and "repeatedly rub[bed] against her" when there was "space behind the defendant" and the parties did not engage in any conversation before, during or after the incident. These allegations were sufficient to support the inference that the victim did not acquiesce to defendant's actions (see Penal Law § 130.05 [2] [c] [lack of consent in sexual abuse or forcible touching prosecution results from "any circumstances ... in which the victim does not expressly or impliedly acquiesce in the actor's conduct"]; People v Hatton, 26 NY3d 364, 370 [2015]; People v Roebuck, 65 Misc 3d 148[A], 2019 NY Slip Op 51819[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1132 [2020]; People v Nobles, 57 Misc 3d 135[A], 2017 NY Slip Op 51267[U] [App Term, 1st Dept 2017]; People v White, 26 Misc 3d 129[A], 2010 NY Slip Op 50022[U] [App Term, 1st Dept 2010] ["absence of a verbal protest by the victim does not compel a finding that she impliedly acquiesced in the sexual contact to which she was subjected by defendant"]).
King, 2021 NY Slip Op 51216[U].
Although bound by this precedent, this court respectfully notes its reticence in applying the same. King outlines an expansive concept of nonconsent which effectively requires a recipient of public touching to affirmatively state consent lest an eyewitness assume otherwise and swear out a criminal complaint indicating the contact was forced. It strikes this court that in practice, this aggressive notion of nonconsent seems stratified along traditional gender lines; this jurist has yet to see nonconsent imputed to one silent, unidentified, and uncooperative male [*3]victim of subway touching. Even though courts are permitted to make reasonable inferences from the circumstances set forth in the complaint, this court strains to find nonconsent from the facts alleged here. Notably absent from within the four corners of this complaint is the voice of the would-be complainant: her name, the information she provided to the police (even if she did not immediately verbalize protest but later asserted nonconsent), or any indication by her that she was touched at all, let alone without her consent. It would appear from the complaint that she was not even consulted, that an officer drew conclusions about her subjective experience without so much as asking her. She is a legal non-entity for purposes of alleging the harm she purportedly suffered — a position that bears the specter of a past legal era where a woman's husband, father, brother, or the state was in a better position to assert harm over her body than the woman herself. This court humbly proposes that King warrants revisiting. Nonetheless, this court duly notes its required adherence to such precedent. See also People v Ditta, 52 NY2d 657, 660 (1981) (sexual abuse statue should not be interpreted in a "hypertechnical or strained" manner); People v Colon, 69 Misc 3d 131[A], 2020 NY Slip Op 51209[U] (App Term, 1st Dept 2020) ("nontestifying victim's lack of consent to defendant's conduct was established by police [trial] testimony that the victim looked down and back at defendant with a look of 'embarrassment' and 'disgust' as he repeatedly pressed his groin against her buttocks on the crowded subway train, but was unable to move away from defendant due to the position of his arm").
Accordingly, defendant's motion seeking to dismiss the accusatory instrument is DENIED.
With respect to defendant's remaining motions, a combined Huntley and Dunaway hearing (People v Huntley, 15 NY2d 72 [1965]; Dunaway v New York, 442 US 200 [1979]) and a "voluntariness" hearing are ordered. All Sandoval issues are respectfully referred to the trial court. The defendant's request to file additional motions is granted.
The foregoing constitutes the opinion, decision, and order of the court.
DATED: May 22, 2024
New York, New York
___________________________________
Valentina M. Morales, J.C.C.