OPINION OF THE COURT
John R Lewis, J.
Defendant has been charged, by information dated September 8, 1997, with the offense of harassment, second degree, a violation under the Penal Law. Defendant was the office manager at Heritage Medical Group, and the complainant was *927 a subordinate employee. The complaint alleges that, after complainant was involved in an argument that escalated to raised voices, and after defendant asked to speak with complainant and complainant refused, defendant grabbed complainant by the wrist and led her into an adjoining room.
Defendant now moves to dismiss the information, inter alia, "in the interests of justice”. Although defendant has couched the motion in terms of CPL 170.40, which lists 10 criteria for a court’s consideration, in the court’s view the only compelling issue in this instance is whether the allegations in the information, if taken as true for purposes of the motion, adequately state a claim for harassment, second degree, as contemplated by Penal Law § 240.26. Were this court to answer that question affirmatively, it would have no difficulty in then finding no cause to dismiss in the "interests of justice” under the criteria of CPL 170.40.
However, the court does in fact question whether the conduct alleged in this case adequately states a claim for harassment in the second degree. As defense counsel points out, it is required that the defendant have intended to annoy or alarm the victim; it is not enough that the victim felt annoyance and alarm. As in so many other areas of the law, courts will look to a "reasonable person” test on this issue. (People v Malausky, 127 Misc 2d 84 [Rochester City Ct 1985].)
Where the challenged conduct is clearly spontaneous in nature rather than thought out in advance, courts have found the element of intent to be lacking. As one previous court stated, "the defendant did not intend 'to harass, annoy or alarm’ the [complainant] * * * but rather merely demonstrated by an immature outburst his displeasure” (People v Caine, 70 Misc 2d 178, 179 [Suffolk Dist Ct 1972]).
In the instant case, taking the allegations as true, the defendant office manager asked to speak to a subordinate employee regarding her loud arguing in a public area of the office and, when rebuffed, grabbed the employee by the wrist and led her to another room. The court finds this conduct to have been spontaneous in nature, certainly not premeditated and, in its context, clearly motivated by concern for the decorum of the office rather than by a desire to annoy or alarm the complainant. Under such circumstances, the court sees no way that the requisite intent could be established at a trial.
In so finding, the court does not endorse the view that the company’s "office manual” provided authorization for defendant’s conduct; certainly no office’s manual supersedes the *928 State’s Penal Law. Nor does the court necessarily find that defendant’s conduct was nonexcessive or "proper”, nor that it could not conceivably be the subject of a civil action if the complainant can truly show damages.
The court does find, however, that the defendant’s conduct was not criminal, as there is absolutely no indication of criminal intent in either the information itself (save for the boilerplate allegation of intent), or the complainant’s supplementary statement to the police. Common sense, which must always play a role in such decisions, dictates that defendant’s conduct, in context, was not the sort of conduct the Legislature had in mind when it enacted the harassment statute, nor is it the sort of conduct against which the general public needs or even seeks protection. The criminal law is not properly invoked every time an individual resents the way he or she has been treated by another.
Accordingly, the motion to dismiss is granted, not "in the interests of justice”, but simply because an adequate claim for harassment has not been alleged.