OPINION OF THE COURT
SoNDRA K. PARDES, J.
The defendant is charged by way of a District Court information with violation of Penal Law § 120.00 (1) (assault in the third degree), a class A misdemeanor.
The defendant moves for an order dismissing the accusatory instrument filed herein, pursuant to CPL 170.30, 170.35, 100.15 and 100.40, because it is facially insufficient and defective, and for other relief. The People oppose defendant’s motion.
The defendant’s motion is determined as follows:
The defendant’s motion for an order dismissing the accusatory instrument as facially insufficient is denied. A valid and sufficient accusatory instrument is a nonwaivable, jurisdictional prerequisite to a criminal prosecution (People v Case, 42 NY2d 98 [1977]). Every information must contain an accusatory part and a factual part (CPL 100.15 [1]). The allegations of the factual part of the information, together with those of any supporting deposition which may accompany it, must provide the court with reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information (CPL 100.40 [1] [b]). Moreover, nonhearsay allegations of the factual part of the information and/or any supporting depositions must establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987]; People v Casey, 95 NY2d 354 [2000]). This standard does not require proof beyond a reasonable doubt or evidence sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude that a crime is being or was committed (People v Henderson, 92 NY2d 677 [1999]; People v Miner, 42 NY2d 937 [1977]; People v Crosby, 91 AD2d 20 [2d Dept 1983]).
Penal Law § 120.00 (1) states, in pertinent part, that
“[a] person is guilty of assault in the third degree when:
“1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person.”
On a motion to dismiss an accusatory instrument, the court must confine its analysis to the allegations contained in the *657 complaint and in any depositions filed in support of it (see People v Pelt, 157 Misc 2d 90, 92 [Crim Ct, Kings County 1993]; People v Fink, NYLJ, May 22, 1992, at 23, col 4 [Crim Ct, NY County]).
The factual part of the information filed herein reads as follows:
“TO WIT: The defendant while at the time and place of occurrence [August 16, 2008, Sobo St./ Hoffman Ave., Franklin Square] was involved in a physical altercation with the victim. During this altercation the defendant did intentionally punch the victim in his face with a closed fist causing a physical injury. Victim suffered a laceration to his upper lip, a loose tooth and swelling and bleeding to his gums which required treatment at a local hospital.”
The supporting deposition of the complainant, Anthony J. Iafrate, states:
“I am Iafrate, Anthony J. xx-xx-xx. I have read and understand the above notice. On the 16 day of August 2008 at about 10:30 pm I walking threw [sic] a block party on Hoffman with about eight of my friends. A person wearing a Cleevand [sic] Cavealiers [sic] Jersey with James on the back, male white with short black hair came walking up behind me and said ‘You guys got to leave right now.’ I said ‘were [sic] leaving’. Subject then stated [sic] talking with my friend Billy Harrison. I could not hear what they were saying. Subject kept insisting we should leave. I said T don’t want any problems.’ Subject then kept yelling at me and my friends. I put a hand on the subject and said ‘were [sic] leaving.’ Subject then pushed me with two hands. I pushed him back and he punched me with a closed fist in my face. This caused two deep lasserations [sic] inside my top lip causing a tooth to be loose with bleeding and swelling to gum. Due to injury I have substantial pain and cannot bite down on top teeth. I did not give this person permission to punch me in my face. And this person is now known to me as T.J. Russo. I want this person to be arrested. I have given this statement to PO Rowley and I agree with its content and accuracy.”
In support of his motion to dismiss the accusatory instrument as facially insufficient, defense counsel asserts that the complainant’s identification of the defendant as the person who *658 committed the alleged crime is based on hearsay. Counsel points to the fact that the complainant consistently refers to his alleged assailant as the “subject” and “this person” and, only at the very end of his statement does the complainant state, “[a]nd this person is now known to me as T.J. Russo.” Counsel argues that “this is clearly and unequivocally stating that someone informed him after the fact, that the alleged name of the assailant was Thomas Russo.” Defense counsel argues that the information is defective because it does not explain how the complainant determined the name of his alleged assailant.
The People argue that the information and the complainant’s supporting deposition are sufficient to make out a prima facie case. The People point out, “[s]o long as the factual allegations of an information give the accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (quoting People v Casey, 95 NY2d 354, 360 [2000]).
In the instant case the defendant argues that the complainant’s allegation that his assailant “is now known to him” as T.J. Russo is hearsay because it is not based on his personal knowledge. This raises the question of how one can ever know anyone’s name based on “personal knowledge.” Ordinarily, we learn a person’s name when he or she identifies himself or herself by some name, or when someone else tells us a person’s name. In most situations in life there is no way to obtain any “personal knowledge” of another person’s name.
In this case the complainant, in his sworn statement, identified his assailant by giving a physical description of him as a male white with short black hair wearing a Cleveland Cavaliers jersey with the name James on the back. He then states that this individual is “now known” to him as T.J. Russo. The incident in question allegedly occurred at 10:30 p.m. on August 16, 2008. The complainant gave his statement to the police a few minutes after midnight on August 17, 2008. The defendant was arrested at approximately 1:30 a.m. on August 17, 2008. Based on the above, it appears that the complainant learned the name of his alleged assailant prior to giving his statement to the police, and prior to the defendant’s arrest. Moreover, there is no evidence that the identification of the defendant was the result of any police arranged procedure. Accordingly, the court finds the complainant’s sworn statement that the defendant is known to him as T.J. Russo to be facially sufficient.
*659 In addition, the defendant asserts that the information is facially defective because it does not contain facts of an evidentiary character sufficient to support the charge of assault in the third degree. The term “physical injury” is defined by Penal Law § 10.00 (9) as “impairment of physical condition or substantial pain.” Thus, under the prima facie case requirement set forth in CPL 100.40 (1) (c), the information must set forth sufficient factual allegations to warrant the conclusion that the victim suffered an “impairment of physical condition or substantial pain.” However, it must be noted that the prima facie case requirement for pleading purposes is not the same as the burden of proof beyond a reasonable doubt required at trial (see People v Gordon, 88 NY2d 92 [1996]).
The complainant attests that he sustained “two deep lacerations” inside his lip, bleeding and swelling to his gums and that he had substantial pain. The court finds that the accusatory instrument, along with the complainant’s sworn statement, is sufficient to support a prima facie charge of assault in the third degree. The question of the sufficiency of these injuries and whether the defendant suffered substantial pain is an issue for the jury (People v Singleton, 121 AD2d 752 [2d Dept 1986]).
Accordingly, based on the above, the defendant’s motion to dismiss the complaint based on facial insufficiency is denied.
All further relief requested is denied in all respects.