People v Kohler (2024 NY Slip Op 51878(U))

[*1]

People v Kohler

2024 NY Slip Op 51878(U) [87 Misc 3d 1213(A)]

Decided on January 16, 2024

Justice Court Of The Town Of Clarence, Erie County

Hickey, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 16, 2024
Justice Court of the Town of Clarence, Erie County

The People of the
State of New York,

against
David Kohler, Defendant.

Docket No. 22110234

John Flynn, Esq.
Erie County District Attorney
BY: Sandra K. Cassidy,
Esq.
William Szcepanski, Esq.
Assistant District Attorneys
Attorneys for the
People
Peter J. Todoro, Jr., Esq.
Attorney for the Defendant

Jonathan S. Hickey, J.

The defendant is charged in three separate incidents, all of which are made part of the present
motion. By way of introduction each of the dates and specific charges are set forth below:
April 2, 2022:
• Harassment in the Second Degree, Penal Law § 240.26 [FN1]

• Endangering the Welfare of a Child, Penal Law § 260.10 (5 counts)
• Assault in the Third Degree, Penal Law § 120.00(2)
• Reckless Endangerment in the Second Degree, Penal Law § 120.20
September 6, 2022:
• Harassment in the Second Degree, Penal Law § 240.26(3)[FN2]

• Criminal Contempt in the Second Degree, Penal Law § 215.50(3)
December 11, 2022:
• Harassment in the Second Degree, Penal Law § 240.26(3)
• Criminal Contempt in the Second Degree, Penal Law § 215.50(3)
Procedural Posture:
The defendant pleaded not guilty to all charges and on April 17, 2023 filed a Notice of
Motion to Dismiss pursuant to Criminal Procedure Law §§ 170.30(1), 170.35(1), and
100.40(1). The People opposed the motion and submitted the Affirmation in Opposition to
Defense of William E. Szczepanski, Esq. sworn to on September 14, 2023. During a September
21, 2023 preliminary conference the parties agreed to submit all motion arguments on the papers.
The ex-spouse of the defendant is the complainant and their minor children will be addressed as
M. and C. or as the "children" due to their ages.
Conclusions of Law:
Facial Insufficiency:
CPL § 100.15 Information, misdemeanor complaint and felony complaint;
form and content provides that:
1. An information,
a misdemeanor complaint and a felony complaint must each specify the name of the court with
which it is filed and the title of the action, and must be subscribed and verified by a person
known as the "complainant." The complainant may be any person having knowledge, whether
personal or upon information and belief, of the commission of the offense or offenses charged.
Each instrument must contain an accusatory part and a factual part. The complainant's
verification of the instrument is deemed to apply only to the factual part thereof and not to the
accusatory part.
2. The accusatory part of each such
instrument must designate the offense or offenses charged. As in the case of an indictment, and
subject to the rules of joinder applicable to indictments, two or more offenses may be charged in
separate counts. Also as in the case of an indictment, such instrument may charge two or more
defendants provided that all such defendants are jointly charged with every offense alleged
therein.
3. The factual part of such instrument must contain
a statement of the complainant alleging facts of an evidentiary character supporting or tending to
support the charges. Where more than one offense is charged, the factual part should consist of a
single factual account applicable to all the counts of the accusatory part. The factual allegations
may be based either upon personal knowledge of the complainant or upon information and belief.
Nothing contained in this section, however, limits or affects the requirement, prescribed in
subdivision one of section 100.40, that in order for an information or a [*2]count thereof to be sufficient on its face, every element of the
offense charged and the defendant's commission thereof must be supported by non-hearsay
allegations of such information and/or any supporting depositions. (Emphasis
added).
CPL § 100.40 Local criminal court and youth
part of the superior court accusatory instruments; sufficiency on face, provides in relevant
part that:
1. An information, or a count thereof, is sufficient
on its face when:
(a) It substantially conforms to the
requirements prescribed in section 100.15; and
(b) The
allegations of the factual part of the information, together with those of any supporting
depositions which may accompany it, provide reasonable cause to believe that the defendant
committed the offense charged in the accusatory part of the information;
and
(c) Non-hearsay allegations of the factual part of the
information and/or of any supporting depositions establish, if true, every element of the
offense charged and the defendant's commission thereof. (Emphasis
added).
"A valid and sufficient accusatory instrument is a nonwaivable,
jurisdictional prerequisite to a criminal prosecution. Every information must contain an
accusatory part and a factual part (CPL § 100.15 [1]). The allegations of the factual part of
the information, together with those of any supporting deposition which may accompany it, must
provide the court with reasonable cause to believe that the defendant committed the offense
charged in the accusatory part of the information (CPL § 100.40 [1] [b]). Moreover, non
hearsay allegations of the factual part of the information and/or any supporting depositions must
establish, if true, every element of the offense charged and the defendant's commission thereof.
This standard does not require proof beyond a reasonable doubt or evidence sufficient to warrant
a conviction, but merely information which would lead a reasonable person who possesses the
same expertise as the officer to conclude that a crime is being or was committed" (People v Russo, 24 Misc 3d 655,
656 [Nassau Dist Ct, First District, 2009]) (internal citations omitted).
"Reasonable cause to believe that a person has committed an offense" exists when evidence
or information which appears reliable discloses facts or circumstances which are collectively of
such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and
experience that it is reasonably likely that such offense was committed and that such person
committed it (see CPL § 70.10(2)).
People v Casey (95 NY2d 354 [2000]) sets forth the guidelines for analyzing the
facial sufficiency of an accusatory including the principle that so long as the factual allegations of
an information give an accused notice sufficient to prepare a defense and are adequately detailed
to prevent a defendant from being tried twice for the same offense, they should be given a fair
and not overly restrictive or technical reading.
April 2, 2022:
It is alleged that on April 2, 2022 while they were at their 5-year old daughter's tee ball
practice the defendant directed vulgar and obscene language and comments at the direction of the
complainant. He is also alleged to have swung a baseball bag with bats in it toward her resulting
in a baseball bat striking her ear. After practice when she was leaving with their kids it is claimed
that the defendant drove his vehicle toward the complainant and her car when she was buckling
the children into their seats.
Endangering the Welfare
of a Child, Penal Law § 260.10 (five counts):
There are five endangering charges pending and the defendant has moved to dismiss all five.
His initial argument is that the Endangering the Welfare of a Child charges are insufficient
because the accusatories fail to state which subsection of Penal Law § 260.10 is charged.
This court has reviewed the cases cited by the defendant to support this argument including
People v Nievas (— Misc 3d —, 2023 NY Slip Op 50182(U)U [Crim Ct,
Queens County 2023]) where the accusatory failed to specify which subdivision of the public
lewdness statute was being charged, and in a single count recited the elements for all three of the
statute's separate subsection—leaving it "wholly unclear" to defendant what he was being
charged with.
Beyond this threshold argument the defendant also argues the accusatories lack the requisite
non-hearsay support in any of the supporting depositions.
For ease of reference the endangering accusatorries have been separated below so counsels'
arguments and the court's rulings can be clearly understood.
The first two counts relate to allegations that the defendant made certain vulgar statements to
the complainant while the children were on the complainant's lap. Regarding the failure to
specify the subsection of the statute relied upon, the language in the accusatory makes clear that
the "mental welfare" of the child is the allegation, and this is sufficient notice to the defendant to
defend the charges. However, while the accusatories state M. and C. were on the complainant's
lap at the time defendant made the subject statements, there is no non-hearsay proof of this in any
of the complainant's multiple supporting depositions. As such these two counts are
dismissed.
The next count relates to the allegation that the complainant was contacted by a baseball bat
when M. was on her lap. For the same reasons as the first two counts, this charge is dismissed.
The language from the accusatory ("physical welfare of child") is sufficient to allow the charge to
initially survive notwithstanding the failure to specify the statute's subsection. However,
insufficiencies remain, most notably the absence of non-hearsay proof that M. was on the
complainant's lap when she was struck.
The final two endangering counts relate to allegations that the defendant drove his vehicle at
the complainant while she was buckling M. and C. into her car. For the same reasons as the first
three counts, these charges are dismissed. The language of the accusatories ("physical welfare of
child") is sufficient to allow the charges to stand even though they fail to specify the statute's
subsection. However, there is insufficient, non-hearsay proof that either child was "likely" to be
injured (see People v Hitchcock, 98 NY2d 586 [2002]). The mere possibility of harm will
not result in criminal responsibility. A showing that such harm is likely to occur is necessary
(see id.). As such these charges are also dismissed.
Assault in the Third Degree, Penal Law §
120.00(2):
This charge is based on complainant's assertion that the defendant was carrying a baseball
equipment bag that held a baseball bat, and when he turned his body and slung the bag the bat
struck the complainant causing physical pain and the need to seek medical treatment.
The defendant's primary argument is that the accusatory fails to contain an allegation of the
necessary physical pain to sustain the charge and is therefore facially insufficient. In response the
People argue that the behavior of the defendant coupled with the "resulting physical impairment"
establish a prima facie case for this charge.
A leading case on whether the threshold of physical injury has been met to establish the
facial sufficiency of assault in the third degree is People v. Henderson (92 NY2d 677
[1999]) where the court reinstated the criminal court's conviction of assault in the third degree
and held the factual allegations that the defendant "kicked [complainant] in the legs, causing him
to suffer [*3]contusions and swelling. . . were sufficient to
constitute 'physical injury' to support a valid local criminal court information."
Henderson guides the analysis in that a person is guilty of the misdemeanor of assault
in the third degree when "[w]ith intent to cause physical injury to another person, he [or she]
causes such injury to such person or to a third person" (Penal Law § 120.00 [1]). "Physical
injury," in turn, is defined in the Penal Law as "impairment of physical condition or substantial
pain" (Penal Law § 10.00 [9]). Thus, under the prima facie case requirement set forth in
CPL 100.40 (1) (c), the information must set forth sufficient factual allegations to warrant the
conclusion that the victim suffered an "impairment of physical condition or substantial
pain" (emphasis added). In Henderson the information alleged that the victim suffered
"substantial pain , , , " [and in] defining "physical injury" as consisting of "substantial pain," the
Legislature intended to set a threshold of something more than a mere technical battery (see
id. at 680).
Where a court finds that the allegations of pain are conclusory and without sufficient support,
the assault charge will be found to be insufficient (see People v. Perez, 40 Misc 3d 448,
[Crim Ct, Queens County 2013]).
This court has reviewed the various supporting depositions to analyze the physical pain
element and whether the accusatory demonstrates the requisite, objective threshold level of
physical injury.[FN3]
The accusatory states complainant was struck causing physical pain and the need to "seek
medical attention," and while there is direct proof that she was hit "on the side of the head in my
ear," there is no non-hearsay, objective proof to sustain the factual allegations needed to establish
a prima facie case of assault in the third degree (see People v Henderson, 92 NY2d 677,
680 [1999]). The accusatory alleging this charge is insufficient, and therefore dismissed.
Reckless Endangerment in the Second Degree, Penal Law
§ 120.20:
The final charge associated with the April 2, 2022 incident is reckless endangerment in the
second degree where the defendant is alleged to have driven his vehicle toward the complainant
while she was buckling their children into her car.
§ 120.20. Reckless endangerment in the second degree: A person is
guilty of reckless endangerment in the second degree when he recklessly engages in conduct
which creates a substantial risk of serious physical injury to another
person.
The defendant asserts that the accusatory is insufficient because it fails
to demonstrate the necessary recklessness or substantial risk of injury. The People respond that
the accusatory is facially sufficient because it alleges the defendant drove his vehicle directly at
the complainant before abruptly stopping just short of striking her. The October 11, 2022
supporting deposition of the complainant indicates the defendant drove his truck at the
complainant "nearly missing" her and making her feel scared for her safety. She continued that
she was "trapped between my vehicle and the front end of his truck" until he backed up and sped
away. The defendant cites People v Centola (— Misc 3d —, 2018 NY Slip
Op 51369(U) [Webster Just Ct 2018]) where even though the defendant's vehicle contacted the
complainant, the court held that "allegations must amount to more than a mere supposition" and
dismissed the charge. In response the People [*4]argue that this
type of incident where the defendant drives his car toward a complainant nearly making contact
is sufficient to meet this initial threshold (see People v Marcial, 25 Misc 3d 1220(A) [Crim Ct, Queens
County 2009]). But Marcial, with somewhat similar facts, does not adjudicate the
sufficiency of the accusatory, but rather rules on a motion to consolidate that neither defendant
opposed. As such its legal findings do not assist this court.
Nonetheless, this court has scrutinized the factual allegations of the accusatory and the
supporting depositions and finds there is sufficient non-hearsay evidence to overcome the motion
to dismiss.
"In order to establish that defendant engaged in reckless endangerment, the risk created by a
defendant's conduct must be foreseeable and the conduct must actually create a risk of serious
physical injury , , , [a]dditionally, there must be demonstrated a "gross deviation from the
standard of conduct [of a] reasonable person" (People v Kelly, — Misc 3d
—, 2020 NY Slip Op 50859(U) [District Court of New York, First District, Nassau
County 2020]; PL § 15.05(3) (internal citations omitted).
A defendant acks "recklessly" when he "is aware of and consciously disregards a substantial
and unjustifiable risk that a result will occur or that a circumstance exists (see Penal Law
§ 15.05(3)).
Determining the sufficiency of a charge of reckless endangerment requires "an objective
assessment of the degree of risk presented" by the defendant's conduct (People v Minott,
NYLJ, Feb. 22, 2021 at p. 17, col. 2 [Crim Ct, New York County 2021, Swern, J.] quoting
People v Chrysler, 85 NY2d 413, 415 [1995]). The defendant's subjective intent is irrelevant
, , , and "[r]isk of injury alone will sustain prosecution," because the reckless endangerment
statutes "seek to prevent the risk created by the actor's conduct, not a particular outcome"
(People v Minott; quoting People v Galatro, 84 NY2d 160, 165 [1994]).
Here the supporting deposition of the complainant indicates the defendant drove his truck at
the complainant "nearly missing" her and making her feel scared for her safety. There is evidence
she was "trapped between [her] vehicle" and the front of the defendant's truck.
Because the reckless endangerment statutes are intended to address the risk created by a
defendant's conduct, rather than a specific outcome, neither the absence nor the occurrence of a
physical injury is dispositive as to the sufficiency of an information (see People v Minott;
citing People v Galatro, 84 NY2d 160, 164-165 [1994]).
For all the foregoing, the defendant's motion to dismiss this count is denied.
September 6, 2022 Charge:
It is alleged that on September 6, 2022 the defendant intentionally disobeyed an order of
protection by walking onto the property of the protected party (the complainant) and standing
within 10 feet of her.
Criminal Contempt in the Second Degree, Penal Law §
215.50(3):
The defendant's argument is primarily that the accusatory instrument fails to sufficiently
establish the factual basis of how the defendant was served with the subject order of protection
and that he was not aware of the contents of the order of protection he is alleged to have
violated.
This court previously ruled on a motion to dismiss the charges stemming from the September
6, 2022 allegations, and although the present legal argument differs somewhat in that now the
defendant takes the position that the accusatory failed to sufficiently show defendant had
knowledge of the order and a conscious objective to violate the order, there is a significant
degree of legal overlap between the two motions to dismiss.
The criminal charge here is based on an underlying order of protection that was modified. On
February 6, 2020 the defendant and complainant entered into a Parenting Agreement.
Subsequently on May 3, 2022 the Honorable Margaret O. Szczur (Erie County Family Court)
issued a temporary order of protection running in favor of complainant (hereinafter the "Szcur
order"). On June 9, 2022, the Honorable Donna M. Siwek, J.S.C. (NYS Supreme Court) signed
another temporary order that amended the Szcur order, specifically permitting "curb to curb"
pick-ups and drop-offs as well as permitting attendance at, among other things, "special events"
while still maintaining the 10-foot separation rule (hereinafter the "Siwek order").
As succinctly stated in People v
Suber (19 NY3d 247 [2012]) an information requires a prima facie case:
"The Criminal Procedure Law's "reasonable cause" requirement also applies to an
information (see CPL100.40 [1] [a], [b]) but this type of instrument is subject to a more
stringent test: the information and any supporting depositions must set forth "[n]on-hearsay
allegations" that "establish, if true, every element of the offense charged and the defendant's
commission thereof" (CPL 100.40 [1] [c]). This is referred to as the "prima facie case" standard
for informations (see e.g. People v Casey, 95 NY2d at 362). "The reason for requiring the
additional showing of a prima facie case . . . lies in the unique function that an information serves
under the statutory scheme established by the Criminal Procedure Law" (People v Jones, 9 NY3d 259, 262
[2007] [internal quotation marks omitted])."
The Court of Appeals in People v Hatton (26 NY3d 364
[2015]) further sets the guidelines for this court to analyze:
"As a consequence, we assess the sufficiency of the accusatory instrument based on
the standard applicable to an information. Under that standard, the factual part of the instrument
must establish reasonable cause to believe that the defendant committed the offense charged in
the accusatory part of the information (CPL 100.40 [1] [b]), and must contain " 'nonhearsay
allegations which, if true, establish every element of the offense charged and the defendant's
commission thereof' " (People v
Dumay, 23 NY3d 518, 522 [2014], citing People v Kalin, 12 NY3d 225 [2009]; CPL 100.40 [1] [c]). Where
the information fails to meet this requirement it is jurisdictionally defective (Kalin, 12
NY3d at 228-229). As this Court stated in People v Casey (95 NY2d 354, 360 [2000]
[citations omitted]), "[s]o long as the factual allegations of an information give an accused notice
sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried
twice for the same offense, they should be given a fair and not overly restrictive or technical
reading."
Regarding intent, "[o]ften, prosecutors have no direct evidence
of intent or purpose, which must, as at trial, be inferred from surrounding facts. It is not enough
for the prosecution to simply assume that a particular act is intentional—a careful,
case-by-case analysis of the circumstances must provide reasonable cause to believe that the act
is intentional or otherwise establish the mental state required for the crime. And while
prosecutors need not rebut all innocent possibilities (see People v Hatton, 26 NY3d 364 [2015]), defense counsel can at
least suggest that the allegations leave open realistic and non-speculative innocent scenarios"
(See LEXIS PRACTICE INSIGHTS: Determining Sufficiency of Local Criminal
Court Accusatory Instruments, By Daniel Nobel, Esq., Member of New York Bar, General
Editor, and John M. Castellano, Esq., Member of New York Bar). Defendant's present
"awareness" argument is [*5]essentially the same argument as the
"intent" argument that was the basis of the first motion to dismiss.
"Furthermore, since proof of states of mind, such as guilty knowledge or intent, are normally
based upon circumstantial evidence , , , for pleading purposes, the requisite mental state may be
alleged on the basis of a logical inference from the act itself or upon the surrounding
circumstances" (People v Dunham (Thomas), 135 NYS3d 764 [App Term, 2d Dept 2020]
(internal citations omitted)). For all the foregoing, at this stage of the proceeding, the accusatory
is sufficient on the question of defendant's "awareness" of the contents of the order (Todaro
Affirmation, at ¶ 51).
As for the more narrow argument on the sufficiency of the accusatory's allegation that the
order of protection was "duly served," the domestic incident report submitted with the accusatory
reflects that the "order of protection registry" was checked and that a "stay away" order of
protection was in effect. At this stage of the proceeding this court is tasked with determining if
there is reasonable cause to believe the defendant committed the offense charged and that such
charge is supported by non-hearsay allegations, or as relates to the question of whether the
defendant was served with the order of protection an allegation that is admissible under a hearsay
rule exception (see People v Casey, 95 NY2d 354, 361 [2000]). There is sufficiently
reliable information which collectively is of such weight and persuasiveness as to convince a
person of ordinary intelligence, judgment, and experience that it is reasonably likely that such
offense was committed and that it was committed by the defendant. And there is reliable,
non-hearsay proof to sustain all elements of the offense charged in the accusatory part of the
information. As such, this portion of the defendant's motion is denied and the charge is permitted
to stand.
December 11 and 12, 2022:
The final series of allegations stem from December 11 and 12, 2022 where the complainant
alleges that the defendant sent her offensive and degrading texts and that such communications
violated a duly issued order of protection.[FN4]

Harassment in the Second Degree, Penal Law §
240.26(3):
The accusatory charging Harassment in the Second Degree must meet all of the legal
requirements laid out in the first two incidents, specifically a valid and sufficient accusatory must
contain an accusatory part and a factual part and the allegations of the factual part of the
information, together with those of any supporting depositions which may accompany it, must
provide the court with reasonable cause to believe that the defendant committed the offense
charged in the accusatory part of the information (CPL § 100.40 [1] [b]) (emphasis
added). Non hearsay allegations must establish if true every element of the offense charged (see People v Russo, 24 Misc 3d
655, 656 [Nassau Dist Ct, First District, 2009]) (internal citations omitted) (emphasis
added).
So long as the factual allegations of an information give an accused sufficient notice to
prepare a defense and are adequately detailed to prevent a defendant from being tried twice for
the same offense, they should be given a fair and not overly restrictive or technical reading
(see People v Casey (95 NY2d 354 [2000]). The accusatory here fails to meet this
minimum [*6]threshold because when applying the reasonable
person test to the subject texts, the challenged conduct is spontaneous in nature (therefore failing
to set forth the requisite intent) and is more accurately an "immature outburst [showing
defendant's] displeasure" (see People v Stracci, 174 Misc 2d 926 [New York Just Ct
1997]) (internal citations omitted). As such the accusatory charging Harassment in the Second
Degree, Penal Law § 240.26(3) is dismissed.
Criminal Contempt in the Second Degree, Penal Law §
215.50(3):
As an initial matter and relying on the legal reasoning of the September 6, 2022 ruling above,
the accusatory sufficiently sets forth the basis for the defendant being served with the order. The
issue that requires further treatment here is the defendant's argument that the accusatory
instrument is facially insufficient because it fails to adequately set forth the defendant intended to
disobey the subject order and to harass, annoy or alarm. This court is very mindful of its ruling
on "intent" above as relates to the September 6, 2022 charges. But the court is similarly mindful
that legal holdings cannot be grafted from one factual scenario to the next without critical
analysis. In other words, one determination on "intent" does not necessarily fit all determinations
on "intent" when it comes to orders of protection. With that said, the supporting proof here is not
facially sufficient. First, the harassment allegation upon which the contempt charge is based has
been determined by this court to be insufficient on its face. And even if a separate harassment
charge was not filed, this court still finds that there is insufficient, non-hearsay, objective proof
that the subject texts constituted harassment of the protected party necessary to sustain the
contempt charge. For these reasons, the Criminal Contempt in the Second Degree, Penal Law
§ 215.50(3) count is hereby dismissed.
NOW, THEREFORE, upon reading and filing all of the motion papers as set forth
above, and due deliberation having been had thereon, it is
ORDERED, that defendant's motion is hereby granted in part, and denied in part per the
above decision, and it is further,
ORDERED, that all charges are dismissed except for the following: Reckless Endangerment
in the Second Degree, Penal Law § 120.20 (April 2, 2022) and Criminal Contempt in the
Second Degree, Penal Law § 215.50(3) (September 6, 2022), and it is further
ORDERED: the attorneys are directed to appear on a telephonic court conference on
January 16, 2024 at 12:00 p.m. to discuss case status and appear in court on January
18, 2024 at 5:00 p.m. for further case proceedings.
This memorandum decision and order shall constitute the order in this matter for appeal
purposes and no other or further order shall be required.
DATED: January 16, 2024
Clarence, New York
JONATHAN S. HICKEY
Clarence Town Justice

Footnotes

Footnote 1:Defendant's present counsel, Mr.
Todoro, was retained during the pendency of these matters. He filed a motion on September 20,
2023 moving to strike the January 5, 2023 transcript and to dismiss the Penal Law §
240.26(3) harassment charge that was amended and filed on January 5, 2023 (related to the April
2, 2022 incident). On the record during the September 21, 2023 court appearance the People
dismissed the September 6, 2022 harassment charge and defendant withdraw his motion
to strike. (Emphasis added). However, the dismissal application was intended for the April 2,
2022 charge. Subsequently, during our November 13, 2023 conference, the People agreed to also
dismiss the harassment charge from April 2, 2022 (while included in this written decision to
explain the status of the case, the People still need to formalize this dismissal on the record). In
summary, the harassment charges from April 2, 2022 and September 6, 2022 are, or will be,
dismissed and the defendant's September 20, 2023 motion to strike is withdrawn as moot. All
other charges remain and need to be ruled upon here.

Footnote 2: Previously dismissed on
People's motion (see footnote 1).

Footnote 3: The court acknowledges receipt
and review of People's Exhibit 2 (WellNow Urgent Care report), but this cannot be considered
when analyzing the evidence associated with the contemporaneous filing of the accusatory.

Footnote 4: The order of protection that is
the subject of the December 11/12, 2022 charge was issued by this court (and is different from
the order(s) of protection that are the subject of the September 6, 2022 charge).